IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA   RECEIVED
NORTHERN DIVISION

2007 JUL 16  P 5:00

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 2:07CR 136-MHT |
| v. ) | [18 USC § 1466A(a)(2) |
| ) | 18 USC § 2252A(a)(1) |
| KEITH ANDERSON ) | 18 USC § 2252A(a)(5)(B)] |
| ) | |
| ) | INFORMATION |

The United States Attorney charges:

## COUNT 1

On or about April 18, 2006, in Montgomery County, within the Middle District of Alabama,

KEITH ANDERSON,

defendant herein, did knowingly produce visual depictions of a minor engaging in sexual intercourse, which depictions lacked serious literary, artistic, political, or scientific value and were produced using materials that had been shipped and transported in interstate and foreign commerce by any means, including by computer. All in violation of Title 18, United States Code, Section 1466A(a)(2).

## COUNT 2

On or about September 1, 2006, in Montgomery County, within the Middle District of Alabama,

KEITH ANDERSON,

defendant herein, did knowingly transport in interstate commerce, by computer, child pornography, including digital images and other visual depictions of prepubescent minors

engaging in sexually explicit conduct.  All in violation of Title 18, United States Code, Section 2252A(a)(1).

## COUNT 3

On or about April 11, 2007, in Montgomery County, within the Middle District of Alabama,

KEITH ANDERSON,

defendant herein, did knowingly possess computers, digital electronic storage media, and other materials containing images of minors engaging in sexually explicit conduct, which images had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer.  All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION 1

A.  Counts 1, 2 and 3 of this Information are incorporated herein by reference.

B.  Upon conviction for the violation as alleged in Count 1 of this Information, the defendant,

KEITH ANDERSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1467:

(1)  any obscene material produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Section 1466A;

(2)  any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and,

(3)  any property, real or personal, used and intended to be used to commit or

2

to promote the commission of such offense.

C.  If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant.

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred and sold to, and deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty, the United States intends to seek an order of this Court forfeiting any other property of said defendant up to the value of any property described in paragraph B above.

All in violation of Title 18, United States Code, Section 1466A(a)(2).

## FORFEITURE ALLEGATION 2

A.  Counts 1, 2 and 3 of this Information are incorporated herein by reference.

B.  Upon conviction for any of the offenses alleged in Counts 2 and 3 of this Information, the defendant,

## KEITH ANDERSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253:

(1) any visual depiction described in Title 18, United States Code, Section 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of that Section;

3

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and,

(3) any property, real or personal, used and intended to be used to commit and to promote the commission of such offense.

C. If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred and sold to, and deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty, the United States intends to seek an order of this Court forfeiting any other property of said defendant up to the value of any property described in paragraph B above.

All in violation of Title 18, United States Code, Section 2252.

LEURA G. CANARY
UNITED STATES ATTORNEY

JOHN T. HARMON
Assistant United States Attorney

NATHAN D. STUMP
Assistant United States Attorney