IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.  2:07cr00136-MHT |
| | ) | [18 USC § 1466A(a)(2) |
| KEITH ANDERSON | ) | 18 USC § 2252A(a)(1) |
| | ) | 18 USC § 2252A(a)(5)(B)] |

**PLEA AGREEMENT**

**DEFENSE COUNSEL:**           STEPHEN M. NeSMITH,
                              KEITH ROGERS

**ASSISTANT U.S. ATTORNEY:**   NATHAN D. STUMP

**COUNTS AND STATUTES CHARGED:**

Count 1      18 USC § 1466A(a)(2)
             Producing a Visual Depiction of Child Pornography

Count 2      18 USC § 2252A(a)(1)
             Transporting Child Pornography in Interstate Commerce by Computer

Count 3      18 USC § 2252A(a)(5)
             Possessing Child Pornography

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**

Count 1      18 USC § 1466A(a)(2)
             Producing a Visual Depiction of Child Pornography

Count 2      18 USC § 2252A(a)(1)
             Transporting of Child Pornography in Interstate Commerce by Computer

Count 3      18 USC § 2252A(a)(5)
             Possessing Child Pornography

## PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1      <u>18 USC § 1466A(a)(2)</u>
A term of imprisonment which may not be less than 5 years and no more than 20 years, a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than life; an assessment fee of $100.00; and restitution to any victims of the offense.

Count 2      <u>18 USC § 2252A(a)(1)</u>
A term of imprisonment which may not be less than 5 years and no more than 20 years (unless Count 1 is deemed a prior conviction, in which case not less than 15 years and no more than 40 years), a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than life; an assessment fee of $100.00; and restitution to any victims of the offense.

Count 3      <u>18 USC § 2252A(a)(5)</u>
A term of imprisonment which may not be more than 10 years (unless Count 1 and/or Count 2 is deemed a prior conviction, in which case not less than 10 years and no more than 20 years), a fine not to exceed $250,000, or both the fine and the imprisonment; a term of supervised release of no more than 3 years; an assessment fee of $100.00; and restitution to any victims of the offense.

## ELEMENTS OF THE OFFENSE:

To prove a violation of **18 USC § 1466A(a)(2)**, the United States must establish beyond a reasonable doubt each of the following elements:

(1) The defendant knowingly produced visual depictions of minors engaging in sexual intercourse;
(2) The visual depictions lack serious literary, artistic, political, or scientific value; and
(3) The defendant produced the visual depictions using materials that had been shipped or transported in interstate or foreign commerce by any means, including by computer.

To prove a violation of **18 USC § 2252A(a)(1)**, the United States must establish beyond a reasonable doubt that the defendant:

(1) knowingly transported;
(2) in interstate or foreign commerce;
(3) by any means, including by computer;
(4) a visual depiction of a minor engaging in sexually explicit conduct.

To prove a violation of **18 USC § 2252A(a)(5)(B)**, the United States must establish beyond a reasonable doubt each of the following elements:

(1) The defendant possessed images of minors engaging in sexually explicit conduct, as

    charged in the Information;
(2) The defendant knowingly possessed the images; and
(3) The images had been shipped or transported in interstate or foreign commerce.

With the authorization of the defendant, the parties to this action have entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Information. As a result of those discussions, the parties have reached a Plea Agreement. This Plea Agreement is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and both the Government and the defendant understand that, in accordance with that Rule, if the Court should decide not to follow the recommendation in the Plea Agreement, the defendant has no right to withdraw his plea of guilty.

The specific terms of the Plea Agreement are set forth below:

### GOVERNMENT'S PROVISIONS

1. The Government agrees that the 2-level decrease for acceptance of responsibility is applicable. *See* U.S.S.G. § 3E1.1(a). The Government further agrees to move at sentencing for an additional 1-level decrease based on the defendant's timely notification of his intent to plead guilty. *See* U.S.S.G. § 3E1.1(b).

2. The Government agrees to recommend at sentencing that the Court impose a sentence within the range determined by the Court to be applicable under the United States Sentencing Guidelines, subject to any mandatory statutory minimum that may apply.

3. The Government agrees to recommend at sentencing that the Court order the federal sentence imposed in this case to run concurrently with any sentence imposed on the defendant by the State of Alabama as a result of any state prosecution stemming from the facts that support the defendant's criminal conviction in this case.

4. The Government reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

5. The Government reserves the right to argue at sentencing that a conviction on Count 1 or Count 2 constitutes a "prior conviction" within the meaning of 18 USC § 2252A(b). The defendant likewise reserves the right to oppose this argument and to appeal any adverse determination.

## DEFENDANT'S PROVISIONS

6. The defendant agrees to plead guilty to Counts 1 through 3 of the Information.

7. The defendant agrees not to commit any other federal, state, or local offense while awaiting sentencing.

8. The defendant agrees to waive his right to prosecution by indictment.

9. The defendant agrees to be sentenced to a Life term of supervised release pursuant to Title 18, United States Code, Section 3583(k).

10. <u>Waiver of Rights to Appeal or Collaterally Attack the Sentence</u>

   a. *Defendant's Waiver.* By entering into this Plea Agreement, the defendant knowingly and voluntarily waives any and all of his rights under 18 USC § 3742 to appeal the sentence in this case. The defendant specifically waives his right to appeal the sentence on the grounds that the Sentencing Guidelines are in any respect unconstitutional, or that any fact found by the Court for sentencing was not alleged in the Information, admitted by the defendant, found by a jury, or found beyond a reasonable doubt. The defendant further expressly waives his right to appeal

the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding.

    b.    *Exceptions.* This waiver does not include (and the defendant expressly reserves) the right to appeal on the grounds of ineffective assistance of counsel or prosecutorial misconduct, and may appeal any determination that the conviction on Count 1 or Count 2 constitutes a "prior conviction" within the meaning of 18 USC § 2252A(b). The defendant is released from this waiver if the Government files an appeal under 18 USC § 3742(b).

    c.    *No Waiver by Government.* Nothing in this Plea Agreement affects the Government's right and/or duty to appeal the sentence imposed in the case, as set forth in 18 USC § 3742(b). Nor does the Government waive its right to appeal any order dismissing the Information, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings.

## FACTUAL BASIS

11.    The defendant admits the allegations charged in Counts 1 through 3 of the Information and understands that the nature of the charges to which the plea is offered involves proof of the following:

    a.    As to Count 1, that on or about April 18, 2006, in Montgomery County, within the Middle District of Alabama, the defendant, Keith Anderson, knowingly used digital software and a computer that had been shipped or transported in interstate commerce to produce visual depictions of a minor engaging in sexual intercourse, which depictions lacked serious literary, artistic, political, or scientific value. All in violation of Title 18, United States Code, Section 1466A(a)(2).

    b.    As to Count 2, that on or about September 1, 2006, in Montgomery County, within the Middle District of Alabama, the defendant, Keith Anderson, knowingly uploaded, from his computer in Alabama to a publicly accessible computer server in Colorado, digital images and video clips depicting prepubescent minors engaging in sexually explicit conduct. All in violation of Title 18, United States Code, Section 2252A(a)(1).

c.    As to Count 3, that on or about April 11, 2007, in Montgomery County, within the Middle District of Alabama, the defendant, Keith Anderson, knowingly possessed computers, digital electronic storage media, and other materials containing more than 600 images of minors engaging in sexually explicit conduct, which images had been transported in interstate and foreign commerce by computer. All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGEMENT

12.    After conferring with his attorneys and before entering a plea of guilty to Counts 1 through 3, the defendant advises the Court that he understands the following to be true:

a.    The defendant has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at every stage of the proceedings, the right to confront and cross-examine witnesses against him, the right to call witnesses on his behalf, and the right not to be compelled to incriminate himself. By entering a plea of guilty, the defendant waives all of those rights, and there will be no trial of any kind in this case.

b.    In entering a plea of guilty herein, the Court may ask the defendant questions about the offense to which the plea is entered. Evidence of a plea of guilty later withdrawn, an offer to plead guilty to the crime charged in the Information, or statements made in connection with and relevant to a guilty plea are not admissible in any civil or criminal proceedings against the defendant, except in a criminal proceeding for perjury or false statement, and only if the defendant makes a false statement under oath, on the court record, and in the presence of counsel.

c.    The United States Probation Office will prepare for the Court a pre-sentence investigation report, in which the Probation Officer will recommend a sentence based upon the calculated offense level, the defendant's criminal history, as well as any relevant conduct related to the offense to which the plea is offered. The offense level or criminal history category calculated by

the Probation Officer and determined by the court may differ from that projected by defendant's counsel or the Government.

  d. At sentencing, the Court will find by a preponderance of the evidence the facts used to determine the defendant's Guidelines offense level, criminal history category, and sentence. For that purpose, the Court may consider any reliable evidence, including hearsay.

  e. The Government can only make a recommendation, which is not binding upon the Court, and if the Court does not accept the Government's recommendation, <u>the defendant will not be permitted to withdraw his plea</u>.

  f. The maximum penalty allowed by law for conviction of the offenses charged in the Information is 50 years in prison, a $750,000 fine, lifetime on supervised release, and restitution to any victims of the offense.

  g. Two of the charges to which the defendant has agreed to plead guilty (Counts 1 and 2 of the Information) carry with them a statutory minimum sentence of five years imprisonment. Therefore, the defendant understands that there is no possibility of a sentence of probation in this case, and any sentence imposed by the Court will include a term of imprisonment of no less than 5 years.

  h. In determining the particular sentence to impose, the Court will consider the United States Sentencing Guidelines, as well as all of the factors listed in Title 18, United States Code, Section 3553(a).

  i. There is no possibility of parole in the federal prison system, and the defendant will likely serve all or substantially all of his prison sentence.

  j. If the Court imposes a fine in this case, the defendant will be required to make an honest, good faith effort to pay the fine as directed by the Financial Litigation Section of the United

States Attorney's Office. To that end, the defendant will meet with a member of the Financial Litigation Section on the day of sentencing and complete a written personal financial statement, setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, he is representing that it is true and accurate to the best of his information, knowledge, and belief.

     k.    Pursuant to 18 U.S.C. § 3013, the defendant will be ordered at sentencing to pay an assessment fee of $300.00, which will be due and payable to the Court immediately.

     l.    The defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

     m.    This Plea Agreement is the result of prior discussions between the attorney for the Government and the attorneys for the defendant. Those discussions were all conducted with the defendant's authorization, knowledge, and consent.

n.  This Plea Agreement and the plea to be entered by the defendant as a result thereof are voluntary and are not the result of any force or threats, or of any promises apart from what has been expressly agreed upon in this Plea Agreement itself.

## REPRESENTATIONS OF THE PARTIES

13.  The undersigned attorneys for the Government and for the defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to Rule 11, Federal Rules of Criminal Procedure, as Amended.

14.  The attorneys for the defendant represent to the Court that they have advised the defendant on all of the contents of this Plea Agreement, including specifically all of the provisions listed in Paragraph 12 herein, and that they are satisfied that the defendant adequately understands all of the contents of this Plea Agreement.

This 25th day of July, 2007.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY

Nathan D. Stump
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama  36104
Tel:  (334) 223-7280
Fax:  (334) 223-7135
Email:  nathan.stump@usdoj.gov

Louis V. Franklin
Chief, Criminal Division

9

I have read this Plea Agreement, understand the same, and attest that the matters and facts set forth herein accurately and correctly state the representations that have been made to me and the conditions of the Plea Agreement that has been reached.

I am satisfied that my attorneys, Stephen M. NeSmith and Keith Rogers, have represented my interests in this matter competently and effectively.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT.

_____
KEITH ANDREW ANDERSON
Defendant

July 25/2007
Date

_____
Stephen M. NeSmith, Esq.
Attorney for the Defendant

July 25, 2007
Date

_____
Keith Rogers
Attorney for the Defendant

July 25, 2007
Date

9