IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES** | * |
| Plaintiff | * |
| v. | * Case no. 2:07-cr-136-MHT |
| **KEITH ANDREW ANDERSON** | * |
| **Defendant** | * |

## SENTENCING MEMORANDUM

**COMES NOW** the Defendant, **KEITH ANDREW ANDERSON,** by and through undersigned counsel and submits this sentencing memorandum in support of a sentence that takes into consideration that Your Defendant, Keith Anderson, charged under statutes dealing with child pornography, is more accurately characterized as a young man in need of professional counseling than characterized as a abject criminal. Keith Anderson has never harmed a child, has never been accused of harming a child, and does not now, nor has ever possessed the characteristics or profile of a child sex predator.

That being said, Mr. Anderson freely admitted his actions to the investigating authorities, unaware he was in violation of the law. He comes before this Court without a single criminal infraction. He entered a guilty plea and now must be sentenced. His actions and conduct, however, only marginally violate the statutes he is charged under.

## **FACTUAL AND PROCEDURAL HISTORY**

Keith Anderson's pertinent history, succinctly summarized, is as follows: Keith Anderson is an otherwise normal heterosexual young male, except for naivety, immaturity and an ill-acquired interest in pornography that includes underage females. He is currently a 25-year-old virgin male that dated for only six months of his life while age 19. At age 15, he became infatuated with a 13-year-old girl at his school; and about the same time saw a nude adolescent girl on television that initiated his sexual interest in girls of that age. In the years that followed, he downloaded and collected adult and child pornography from the Internet (Possession, Count 3). These downloads inadvertently came as "bundles", necessarily adding many pictures at one time to his computer hard drives. He made only one pornographic purchase from the Internet, in March 2006. Some number of months before his arrest, Keith's roommate Christina Cauble downloaded pictures of her twelve year old step-sister onto Keith Anderson's computer where, using computer technology, he lifted her head from an ordinary photograph and placed it onto a nude adolescent girl's body from another photograph, and created a small collection of images using this morphing technique (Production, Count 1). In November 2006, he uploaded four images of underage females to a website to make these pictures available for viewing away from his apartment. The website happened to be physically located out of state, in Colorado (Transportation, Count 2). Subsequent to these actions, and at least one month before his arrest, Keith Anderson determined to distance himself from his untoward interest in pornography all together, and deleted all of his pornography from the computer he was using. Those files were not assessable and had to be *recovered*

from his hard drive by special software used by the Alabama Bureau of Investigation. However, Mr. Anderson's other computer, an old computer left in his closet no longer in use, did have many offending pictures on it.

Through it all, Keith Anderson never shared nor distributed his pictures to, or with, anyone else. He did not inappropriately "chat" or communicate with any underage girl, by any means of communication, at any time. He has never seen, touched, had sex with nor been alleged to have seen, touched or have sex with an under aged girl.

## DISCUSSION

### I: PHILOSOPHY AND MODERN GOALS OF CRIMINAL SENTENCING.

1. RETRIBUTION is a major and crucial component of our contemporary sentencing philosophy. Retribution holds individuals responsible for their actions, and for the harm they cause. As applied to the particular facts of this case, the *actual* harm caused by Keith Anderson's actions is at once remote and speculative. That is not to say that Mr. Anderson has been unable to understand or appreciate society's rationale for the statutes he is charged under; to the contrary. Keith Anderson is keenly aware of just how serious society takes his conduct. And this, not because Keith Anderson himself actually harmed a child, or was even willing to harm a child, but because some of his actions are congruent with actions of those who *would* harm a child, and thus his actions triggered the statutes provided to protect from same. Keith Anderson was caught in a net cast broadly for such predators.

2. GENERAL DETERRENCE punishes individuals as an example to deter others. For general deterrence to be effective, however, it must be relatively certain, swiftly applied, and sufficiently severe. These adjectives do not describe our current criminal justice system, and therefore rightfully question the efficacy of pronouncement of a severe sentence in hopes of creating or sustaining deterrence as a goal of criminal sentencing. According to Mr. Anderson's expert evaluation, his current risk of recidivism is only 7.6 % at five years (Exhibit 1, page 11).

3. INCAPACITATION physically restrains offenders from committing additional crimes. Mr. Anderson is guilty of conduct that violates social taboos codified by statute, and must have those actions sternly addressed. Incapacitation (incarceration) would surely prevent any reoccurrences of the conduct made basis of the charges brought against this Defendant during the time the offender is incarcerated. The question arises, however, what would society be protected from? Under these facts, there is no *direct* harm to be protected *from*. Keith Anderson has never allowed his unventilated desires to become coupled with actions or conduct towards anyone, specifically including a child.

4. REHABILITATION is arguably the proper sentencing objective for the Defendant in this cause. The attached study performed by the Behavioral Medical Institute of Atlanta (BMI) by world renowned Psychiatrist and clinical professor, Dr. Gene Abel (Exhibit 2) delineates the amenable nature of the Defendant's psychological profile to such treatment and therapy. Dr. Able prescribes a

standard cognitive-behavioral treatment with a strong relapse prevention component to address and alleviate Mr. Anderson's treatment needs (Exhibit 1, page 12).

5. RESTORATION would provide that all who are affected by the criminal behavior; the offender, society and the victim should participate in the restoration process. In the particular case, the remoteness and speculative nature of the victims and their respective impact determinations would prevent any real assessment of the efficacy of a sentencing objective that focuses on restoration.

## II: MANDATORY SENTENCING.

6. Mandatory sentencing is not without shortcomings. According to one criminal justice scholar, Michael Tonry, mandatory sentencing occasionally results in unduly hard punishment for marginal offenders. M. Tonry, *Sentencing Reform Impacts* (Washing; U.S. Department of Justice, National Institute of Justice 1987). Keith Anderson, on Count 1 (production) is a **marginal offender**. He digitally morphed or created only a few offending pictures that were never shared with anyone else. Keith Anderson, on Count 2 (transportation) is a **marginal offender**. He technically transported only a few offending pictures by uploading them to a website that, unbeknown to him, was remotely located in Colorado and therefore triggered the statute. It is true that the offending pictures could have been accessed by others if they knew or could guess the filename, but it is also true that these pictures were never accessed, because the dutiful Webmaster found the pictures approximately three hours after being uploaded and took them off of

their website. Keith Anderson, on Count 3 (possession) is a **marginal offender**. He deleted all of the files on his computer weeks before his arrest; not because he was wary of an impending arrest; he was not. The only remaining offending pictures that Mr. Anderson had were left inadvertently on an old computer left in his closet. He had taken steps on his own initiative to turn away from his misguided interests.

## CONCLUSION

The philosophy behind modern goals of criminal sentencing are surely the work of well intentioned men and women who, like their predecessors, struggled to achieve a sentencing program that would achieve society's then current objectives. The *punish or reform* pendulum has swung back and forth over the decades because no position is without downfall. Keith Anderson falls into the category of those marginal offenders that are subject to unduly hard punishment.

**WHEREFORE, PREMISES OF THE FORGOING OBSERVATIONS AND FACTS CONSIDERED**, KEITH ANDREW ANDERSON comes before this Honorable Court and prays for leniency, mercy, understanding, and an appropriate sentence for his misgivings; one not warped by contemporary political winds or prosecutorial objectives, but wrought out of society's need to provide a sentence great enough, but no greater, that that needed to deter and rehabilitate; one appropriate for, but not disproportionate to, his misgivings. KEITH ANDREW ANDERSON respectfully prays that this Honorable

Court will deviate downward from the sentencing guidelines, run all sentences concurrently, or otherwise impose the least restrictive sentence available to the Court to achieve both society's need to punish his behavior while administering a just sentence.

/s/ Joseph Keith Rodgers
Joseph Keith Rodgers (ROD015)
472 S. Lawrence St., Ste 101-A
Montgomery, AL  36104
Phone   334.262.0508
Fax     334.834.4796

## CERTIFICATE OF SERVICE

I certify that on the 10th day of October 2007, the foregoing document was served on counsel listed below, properly addressed and pre-paid, in the following manner:

( ) Facsimile;
( ) Facsimile, original to follow by United States mail, first class, properly addressed;
(XX) United States mail, first class, properly addressed;
( ) United States mail, Express Mail delivery;
( ) Federal Express, overnight delivery;
( ) United Parcel Service, overnight delivery;
( ) Hand delivery;

Nathan D. Stump
Assistant United States Attorney
United States Attorney's Office-Middle District of Alabama
One Court Square, Suite 201
Montgomery, AL 36104

P. Douglas Mathis, Jr.
United States Probation Officer
Frank M. Johnson, Jr. U.S. Courthouse Complex
One Church Street
Montgomery, AL 36104-4018

Joseph Keith Rodgers (ROD015)
472 S. Lawrence St.
Montgomery, AL 36104
Phone 334.462.4432
Fax 334.834.4796