IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO.     2:07-CR-136-MHT     |
| ) | |
| KEITH ANDERSON ) | |
| ) | |
| ) | |
| ) | |

**GOVERNMENT'S BRIEF IN SUPPORT OF APPLYING
AN ENHANCED STATUTORY MINIMUM PRISON SENTENCE
FOR DEFENDANT'S PRIOR CONVICTIONS**

The question currently posed to this Court is whether the defendant in this case, Keith Anderson, is eligible for an enhanced statutory minimum sentence based on Counts 1 and 2 of the Information to which he pled guilty.

Count 1 charges the defendant with knowingly producing obscene visual depictions of a minor engaging in sexually explicit conduct using materials that had been shipped or transported in interstate or foreign commerce, in violation of 18 U.S.C. § 1466A.  The offense conduct relative to Count 1 took place on or about April 18, 2006, when Anderson used his computer to digitally morph the head of a twelve-year-old girl that he knew onto the body of a child that was taken from an image of child pornography.  Testimony at sentencing established that approximately 19 such images were discovered on two computers that were used by Anderson.

Count 2 charges the defendant with knowingly transporting child pornography in interstate commerce by computer, in violation of 18 U.S.C. § 2252A(a)(1).  The offense conduct took place on or about September 1, 2006, when Anderson uploaded four images of child

pornography to a website called "Photobucket.com." Photobucket's server is located in Denver, Colorado.

Federal law provides that the penalty for committing the crime alleged in Count 2 shall be no less than 5 years imprisonment, unless the defendant has a "prior conviction under this chapter, section 1591, chapter 71, chapter 109A, chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children[.]" In such an instance, the statute provides for a mandatory minimum sentence of 15 years, and a maximum sentence of 40 years.[1]

Unfortunately, the word "conviction" is not defined for purposes of imposing this enhanced mandatory minimum sentence. *United States v Storer*, 413 F3d 918, 921 (8th Cir. 2005) (citing 18 U.S.C. § 2256). Nor is it defined in any helpful way in the United States Sentencing Guidelines, which are interested primarily with "prior sentences." *See generally* U.S.S.G. § 4A1.1.

The issue, however, has been squarely addressed by the United States Supreme Court in *Deal v. United States*, 508 U.S. 129 (1993), a case with which this Court is already familiar.

Although the statutory language at issue in *Deal* was the phrase "second or subsequent conviction," the majority hinged its decision on the unambiguous meaning of the word "conviction." *See id.* at 132 ("[W]e think it unambiguous that 'conviction' refers to the finding

---

[1] A similar enhancement is available (and warranted) for Count 3, possession of child pornography, based on Counts 1 and 2. *See* 18 U.S.C. § 2252A(b)(2) (raising mandatory minimum to ten years for a "prior conviction").

of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction."). It is that same word – "conviction" – that must be interpreted here. *See* 18 U.S.C. § 2252A(b)(1) ("[B]ut if such person has a prior conviction....").

One of the pillars of statutory construction is that a word or phrase be interpreted to have the same meaning wherever it appears in the statute. Accordingly, the word "conviction," where it appears in 18 U.S.C. § 2252A(b)(1), must be afforded the same meaning as the word "conviction" where it appears in 18 U.S.C. § 924(c)(1)(C).

The presence of the word "prior" before the word "conviction" does not change the meaning of the word "conviction"; nor does it affect the application of *Deal*. Indeed, the word "prior" is an antonym for the word "subsequent." Whether the statutory language is backward looking ("prior") or forward looking ("subsequent") in its construction has no bearing on what the word "conviction" means. *See, e.g.*, *United States v. Davis*, 306 F.3d 398, 411-412 (holding that the sentencing enhancement in 924(c)(1)(C) falls within the "prior conviction" exception to *Apprendi*) (citing *Deal*).

The holding in *Deal* has been applied by many appellate courts,[2] including the Eleventh Circuit Court of Appeals. *See, e.g.*, *United States v. Stamps*, No. 05-16515, 201 Fed. Appx. 759, 761, 2006 U.S. App. LEXIS 29263 (11th Cir. 2006) (unpub.). It should also be noted that this very Court has also followed *Deal*, even in instances when doing so necessarily resulted in what this Court believed to be unduly harsh sentences. *See United States v. Jefferson*, 302 F. Supp. 2d 1295, 1298 (M.D. Ala. 2004) ("Unless Congress chooses to clarify its intent, the Supreme

---

[2] *See, e.g.*, *United States v. Walker*, 473 F.3d 71, 77-79 (3d Cir. Pa. 2007.

Court's statutory interpretation is binding on this court."); *United States v. Washington*, 301 F. Supp. 2d 1306, 1308 (M.D. Ala. 2004) ("The holding of *Deal* squarely controls this case.").

*Deal* was decided in 1993. Had Congress intended for the word "conviction" to be treated differently, either in 18 U.S.C. § 924(c)(1)(C), or anywhere else in the Code, it could have amended the Code to make that intention clear. In fact, Congress did just that for another statutory provision, namely 18 U.S.C. § 3559(e), which states in pertinent part:

> A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim, unless the sentence of death is imposed.

In the following paragraph, the statute expressly defines the phrase, "prior sex conviction," to mean "a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense." 18 U.S.C. § 3559(e)(2)(C). This carefully crafted language clearly carves out an exception to the meaning of the phrase "prior conviction," in order to assure that a mandatory life sentence under Section 3559(e) cannot result from the single prosecution of a first-time offender. It would have been a simple matter for Congress to have included a definition like this one for "prior conviction," but none exists. On the other hand, where Congress intended for the enhancement to apply only where the offense conduct occurred after a prior conviction became final, it is articulated that requirement unequivocally in the language of the statute. *See, e.g.*, 18 U.S.C. § 1028(b)(3)(C) (providing for an increase in the statutory maximum where the offense was *committed* "after a prior conviction under this section becomes final").

4

Were this Court to apply the holding in *Deal* to the statutory sentencing enhancement in Chapter 110 of the Code, it would not be the first. In *United States v. Randolph*, 364 F.3d 118 (3d Cir. 2004), *cert. denied, Randolph v. United States*, 543 U.S. 938, 125 S. Ct. 338, 160 L. Ed. 2d 245, 2004 U.S. LEXIS 6885, 73 U.S.L.W. 3236 (2004), the Third Circuit Court of Appeals analyzed the issue and determined that the definition of "conviction" set forth in *Deal* should be applied to the word "conviction" in Title 18, United States Code, Section 2251. Although it is lengthy, for the convenience of this Court, that analysis is reprinted here verbatim:

> The term "conviction" is not defined anywhere in chapter 110 of the U.S. Code, and there is no indication in the legislative history of the statute containing the sentence enhancement provisions at issue, the Child Pornography Prevention Act of 1996, Pub. L. No. 104-208, § 121, 110 Stat. 3009, 3009-30, that Congress considered the question whether findings of guilt under separate counts contained in a single indictment should be treated as multiple convictions or as one conviction. Moreover, we are aware of no prior judicial construction of the word "conviction" in the context of section 2251(d).
>
> The meaning of "conviction" has been closely examined, however, in cases involving similar sentence enhancement provisions. In *Deal v. United States*, 508 U.S. 129, 124 L. Ed. 2d 44, 113 S. Ct. 1993 (1993), the Supreme Court faced this question with respect to 18 U.S.C. § 924(c)(1), which provides for an enhanced penalty when the defendant has a "second or subsequent conviction" for carrying a firearm during a crime of violence. Thomas Lee Deal was charged in one multicount indictment with multiple offenses arising from six armed robberies he committed over a four-month period. A jury convicted Deal of, inter alia, six counts of carrying and using a firearm during the robberies in violation of section 924(c)(1). The district court sentenced Deal to five years in prison on the first count and to the enhanced penalty of twenty years on each of the other five counts. On appeal, Deal argued that the word "conviction" in section 924(c)(1) could refer not only to a "verdict of guilt," of which there had been six, but also to an "entry of final judgment" of conviction. Because there had been only one entry of final judgment in his case, Deal reasoned that there was no "second or subsequent" conviction to trigger the enhanced sentence.
>
> The Court rejected Deal's argument, holding that the word "conviction" in section 924(c)(1) refers to the finding of guilt by a judge or jury. *Deal*, 508 U.S. at 132. Because the jury had found Deal guilty of six counts

5

under section 924(c)(1), each count after the first constituted a "second or subsequent conviction" meriting an enhanced penalty. *See id.* at 133 n.1. The fact that the counts had been contained in a single indictment did not alter the Court's analysis.

Although Deal involved findings of guilt by a jury, we have applied the rationale of *Deal* to a defendant's guilty plea in *United States v. Couch*, 291 F.3d 251 (3d Cir. 2002). Bryan *Couch* pled guilty to, inter alia, three counts of discharging a firearm during a crime of violence in violation of section 924(c)(1). The district court imposed an enhanced sentence of twenty-five years 5 each for two of the three counts, and Couch appealed, arguing that because he entered one guilty plea to all three counts of a single indictment, no one count represented a "second or subsequent conviction" subject to the enhanced sentencing provision of section 924(c)(1). Applying the rationale of Deal, we rejected Couch's argument. Explaining that "a plea of guilt . . . is equivalent to the same declaration made by a judge or jury," *id.* at 254, we concluded that the three firearms counts to which Couch pled guilty constituted three convictions, and that the district court thus properly applied the enhanced sentencing provision. *Id.* at 254-56.

The courts have also addressed this issue in the context of 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act. Pursuant to section 924(e)(1), a defendant convicted of unlawful possession of a firearm under 18 U.S.C. § 922(g) receives an enhanced sentence if he "has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another." The courts of appeals have uniformly held that a defendant's conviction in a single judicial proceeding for multiple counts arising from separate criminal episodes is treated as multiple convictions under section 924(e)(1). *See, e.g.*, *United States v. Maxey*, 989 F.2d 303, 306 (9th Cir. 1993); *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992); *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992); *United States v. Herbert*, 860 F.2d 620, 622 (5th Cir. 1988); *United States v. Rush*, 840 F.2d 580, 581 (8th Cir. 1988); *United States v. Greene*, 810 F.2d 999, 1000 (11th Cir. 1986).

Finally, courts have interpreted "conviction" similarly in the context of 21 U.S.C. § 841(b)(1)(A), which prescribes penalties for the manufacture, distribution, or possession of a controlled or counterfeit substance. Section 841(b)(1)(A) imposes an enhanced sentence of life in prison if a drug offender has "two or more prior convictions for a felony drug offense . . . ." 21 U.S.C. § 841(b)(1)(A). The three circuits that have addressed the issue have determined that, under this section, multiple counts of a single indictment constitute separate convictions, as long as they arise from separate and distinct criminal episodes. *See United States*

> *v. Gray*, 152 F.3d 816, 821-22 (8th Cir. 1998); *United States v. Ford*, 88 F.3d 1350, 1365-66 (4th Cir. 1996); *United States v. Pace*, 981 F.2d 1123, 1132 (10th Cir. 1992), abrogated in part on other grounds by *Edwards v. United States*, 523 U.S. 511, 140 L. Ed. 2d 703, 118 S. Ct. 1475 (1998).
>
> We are persuaded that the logic employed in the cases cited above should guide us in our interpretation of section 2251(d) as well. *Deal* and *Couch* exposed two serious problems with the interpretation of "conviction" adopted by the District Court in the present case. First, such a reading of section 2251(d) has the potential to undermine the separation of powers by endowing prosecutors with an "extraordinary new power." *Deal*, 508 U.S. at 134 n.2. As the Court observed in Deal, a rule dictating that a multicount indictment can produce only a single conviction "would give a prosecutor unreviewable discretion either to impose or to waive the enhanced sentencing provisions . . . by opting to charge and try the defendant either in separate prosecutions or under a multicount indictment." *Id.* at 133. Whereas prosecutors have authority to charge or not to charge a particular offense, authority to determine the punishment for a charged offense rests exclusively with Congress and the courts. *See id.* at 134 n.2.
>
> The construction of section 2251(d) adopted by the District Court also has the potential to create a second troublesome result - a result that we think Congress could not have intended. Under such a reading, "defendants whose guilty pleas are taken serially for each count will be subjected to much harsher sentences than equally culpable defendants who plead guilty to multiple counts simultaneously." Couch, 291 F.3d at 255. Considerations of fairness counsel against producing such an outcome.
>
> Accordingly, we hold that under 18 U.S.C. § 2251(d), the three counts of child molestation to which Randolph pled guilty in 1978 constituted three prior convictions, sufficient to trigger the thirty-year minimum sentence for a defendant who has "2 or more prior convictions . . . under the laws of any State relating to the sexual exploitation of children."

*Randolph*, 364 F.3d at 122-125 (footnotes omitted).

One year after *Randolph* was decided, the Ninth Circuit Court of Appeals likewise came to the same conclusion in *United States v. Tashbook*, No. 02-10569, 144 Fed. Appx. 610, 2005 U.S. App. LEXIS 17567 (9th Cir. 2005). Tashbrook had been charged with various violations of 18 U.S.C.S. §§ 2422, 2423(a), 2251(a), and 2252(a)(2). The Ninth Circuit imposed a 30-year

mandatory minimum sentence for counts 3 and 4 to run concurrently to each other, and it also imposed a mandatory minimum 30-year sentence for both counts 8 and 9, to run concurrently to one another, but consecutively to counts 3 and 4. Each segment of the sentence was supported by a statutory minimum sentence.  Although the court did not cite *Deal*, it did cite *Randolph* and the proposition for which it stands:

> We have long held that multiple-count convictions arising from separate criminal episodes are treated as separate predicate convictions for purposes of enhancement of sentences, even if the prior offenses were disposed of in a single judicial proceeding. *United States v. Liquori*, 5 F.3d 435, 437-38 (9th Cir. 1993) (holding that drug offenses committed weeks apart but sentenced concurrently counted as two distinct "criminal episodes" and therefore two separate prior convictions); *United States v. Maxey*, 989 F.2d 303, 306 (9th Cir. 1993) (holding that drug offenses committed at distinct different times are separate predicate offenses for purposes of Armed Career Criminal Act); *see also, United States v. Randolph*, 364 F.3d 118, 123 (3d Cir. 2004) (holding that convictions from separate criminal episodes are counted as separate convictions under 18 U.S.C. § 2251(d)).
>
> We see no reason to treat Tashbook's prior convictions, which were based on two distinct sets of conduct in two different states and which targeted two different victims, as anything less than two prior convictions.

*Tashbrook*, 144 Fed. Appx. at 616.

    Like the courts in *Randolph* and *Tashbrook*, this Court should apply the holding in *Deal* and enhance the statutory minimum sentence for Count 2 to fifteen years (based on the conviction on Count 1), and enhance the statutory minimum sentence for Count 3 to ten years (based on the conviction on Count 2) – *see* 18 U.S.C. § 2252A(b)(2).

                                                             Respectfully submitted,

                                                             LEURA G. CANARY
                                                             UNITED STATES ATTORNEY

/s/Nathan D. Stump
NATHAN D. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, Alabama 36104
Tel: (334) 223-7280
Fax: (334) 223-7135 Fax
Email: nathan.stump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel Keith Rodgers, Esq.

        Respectfully submitted,

        /s/Nathan D. Stump
        NATHAN D. STUMP
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, AL  36104-3429
        Tel: (334) 223-7280
        Fax: (334) 223-7560
        Email: nathan.stump@usdoj.gov