IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO.___2:07-CR-136-MHT____ |
| ) | |
| KEITH ANDERSON ) | |
| ) | |

**GOVERNMENT'S SUPPLEMENTAL BRIEF IN SUPPORT OF APPLYING
AN ENHANCED STATUTORY MINIMUM PRISON SENTENCE
FOR DEFENDANT'S PRIOR CONVICTIONS**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files the above-styled supplemental brief in support of applying a sentencing enhancement on Counts 2 and 3 of the Information, based upon the convictions on Counts 1 and 2.

# ARGUMENT

In *Deal v. United States*, 508 U.S. 129 (1993), the Supreme Court construed 18 U.S.C. § 924(c)(1), which establishes enhanced penalties in the case of a "second or subsequent conviction" for carrying and using a firearm during and in relation to a violent crime. The defendant in *Deal* was convicted, at a single trial, of six distinct section 924(c)(1) violations. The Court held that five of the convictions were properly treated as "second or subsequent conviction[s]" within the meaning of the statute. The Court explained that "[i]n the context of § 924(c)(1), . . . 'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction." 508 U.S. at 132. The Court further observed that a particular conviction can appropriately be treated as "second or subsequent" even if it is memorialized in the same

1

judgment as the initial conviction, because "findings of guilt on several counts are necessarily arrived at successively in time." *Id.* at 133 n.1.

There are only two possible avenues for distinguishing *Deal* from the instant case. The first is that *Deal* is somehow inherently different because it addressed a different statute (18 U.S.C. § 924(c)(1)(C)); the second is that *Deal* is not controlling because the precise phrase interpreted in *Deal* was "second or subsequent conviction," rather than the phrase, "prior conviction," that appears in 18 U.S.C. § 2252A(b). While they may seem plausible at first blush, neither of these lines of distinction actually leads anywhere, as both have already been bridged both by the holding in *Deal* and the subsequent federal case law.

The holding in *Deal* has been applied to cases outside the context of 18 U.S.C. § 924(c). *See, e.g.*, *United States v. Leach*, 491 F.3d 858, 866-68 (8th Cir. 2007) (applying Deal to interpretation of "prior sex offense conviction" in U.S.S.G. § 4B1.5(a) and 18 U.S.C. § 2426(b)); *United States v. Street*, 257 F.3d 869, 870 (8th Cir. 2001) (applying *Deal* to interpretation of 16 U.S.C. § 668) ("We are not persuaded by Street's attempt to distinguish Deal on the grounds that his guilty pleas and convictions were entered simultaneously."); *cf. United States v. Greene*, 810 F.2d 999, 1000 (11th Cir. 1986) (holding that, for purposes of determining a sentence enhancement under 18 U.S.C. Appx. § 1202 [repealed], a "conviction on four counts of burglary constitutes four separate convictions"); *United States v. Gray*, 152 F.3d 816, 822 (8th Cir. 1998) (holding that prior conviction for two felony drug counts constituted two separate convictions for purposes of sentencing under 18 U.S.C. § 841(b)(1)(A)).

2

Deal has also been applied to Chapter 110 of the Code. *See United States v. Randolph*, 364 F.3d 118 (3d Cir. 2004) (applying Deal to interpretation of 18 U.S.C. § 2251(d)) ("[T]he three counts of child molestation to which Randolph pled guilty in 1978 constituted three prior convictions[.]"); *United States v. Tashbook*, No. 02-10569, 144 Fed. Appx. 610, 2005 U.S. App. LEXIS 17567 (9th Cir. Aug. 2, 2005) (same) ("We have long held that multiple-count convictions arising from separate criminal episodes are treated as separate predicate convictions for purposes of enhancement of sentences, even if the prior offenses were disposed of in a single judicial proceeding.")

The only distinction between cases like *Randolph* and *Tashbook* on the one hand, and this case on the other, is that in *Randolph* and *Tashbook*, the prior convictions were based on multiple counts that had been brought in a previous proceeding. Whether they would have counted as prior convictions if they had not already been rendered final judgments (*i.e.*, if they had been merely other counts in the same indictment) is a question that was not raised in *Tashbook* and not reached in *Randolph*. *See* 364 F.3d at 125 n.8.

That is a question, however, that has already been answered in the affirmative, both by *Deal* and by many federal courts since *Deal* was decided. In *Deal*, the Supreme Court rejected the proposition that a "subsequent conviction" meant only a finding of guilt rendered after a prior judgment of conviction and sentence had become final: "[W]e think it unambiguous that 'conviction' refers to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction." *Deal*, 508 U.S. at 132. *See also United States v. Ast*, Nos. 01-3566, 01-03567, 01-3568, 53 Fed. Appx. 183, 187, 2002 U.S. App. LEXIS 23400, *13 (3d Cir. 2002) (applying *Deal*). Under the Supreme Court's reasoning in *Deal*, therefore, it is not a "prior judgment of conviction" that

3

triggers the statutory enhancement in 18 U.S.C. § 2252A(b), but rather a "prior conviction."

The holding in *Deal* cannot be distinguished on the grounds that the word "conviction" was preceded by the words "second or subsequent," instead of the word "prior." Indeed, the only logical extension of *Deal* is that, in order for there to be an enhancement for a "second or subsequent conviction," there must also be a "first or prior conviction," which (as *Deal* holds) could include another count in the same indictment. Other federal courts that have applied *Deal* have properly considered the definition of "conviction" to be the same, regardless of whether it is a "prior" conviction or a "subsequent" conviction. *See United States v. Madrid*, Nos. 05-2088, 05-2090, 222 Fed. Appx. 721, 736 n. 7 , 2007 U.S. App. LEXIS 6530 (10th Cir. Mar. 19, 2007) (unpub.) ("Nor is there any error in the fact that the ***"prior" conviction*** came in the same proceeding as the "subsequent" conviction.") (citing *Deal*); *United States v. Hughes*, No. 04-5082, 150 Fed. Appx. 271, 274, 2005 U.S. App. LEXIS 22618 (4th Cir. Oct. 20, 2005) ("[A] defendant convicted of multiple § 924(c)(1) violations in one trial could properly receive enhanced sentences for second and subsequent offenses, as at the time of sentencing, he or she will have ***"prior convictions."***); United States v. Campbell, 300 F.3d 202, 2002 U.S. App. LEXIS 16037 (2d Cir. 2002) ("[T]he fact of a ***prior conviction*** is not an element of a § 924(c) offense [for purposes of *Apprendi*]."); *United States v. Johnson*, No. 06-4284, 2007 U.S. App. LEXIS 4731, *5 (4th Cir. Mar. 1, 2007) ("[T]he sentencing enhancements under § 924(c)(1)(C) for successive § 924(c) convictions fall within the ***prior convictions*** exception to the rule announced in *Apprendi v. New Jersey*[.]"); *United States v. Langan*, 263 F.3d 613, 627 (6th Cir. 2001) ("Because

Langan was convicted of the two separate and distinct armed robbery violations, his § 924(c) convictions relating to those underlying violations qualify as a ***previous and subsequent conviction***."); *cf. United States v. Perry*, 438 F.3d 642, 652 (6th Cir. 2004) (describing how, in another case, a § 924(c) allegation in count 2 served as a "***prior conviction*** to increase defendant's sentence to twenty-five years" on count 4 of the same indictment) (citing *United States v. Davis*, 306 F.3d 398 (6th Cir. 2002) and *Deal*).

That the word "prior" should be interpreted to include convictions arising from other counts in the instant case is further supported by the Third Circuit's opinion in *United States v. Couch*, 291 F.3d 251 (3d Cir. 2002). There, the Third Circuit applied *Deal* to a guilty plea wherein the defendant pled guilty to all counts of the indictment simultaneously. Although there was no succession of convictions in time, the court nevertheless reasoned that the phrase "second or subsequent" (which was not defined in *Deal*) could refer not just to a conviction that is next in order or time, but "to each item in a group in excess of one." *Couch*, 291 F.3d at 255.

The Third Circuit went on to hold that "[f]rom the plain language of the statute, with the definitions assigned to it in *Deal*, it is clear that 'second or subsequent' is a quantitative term that references each individual conviction except one." *Id.* If it were otherwise, the court explained, "[i]t would create an odd rule whereby defendants whose guilty pleas are taken serially for each count will be subjected to much harsher sentences than equally culpable defendants who plead guilty to multiple counts simultaneously. *Id. See also United States v. Matthews*, Nos. 01-1808, 01-2920, 29 Fed. Appx. 81, 83, 2002 U.S. App. LEXIS 2249 (3d Cir. 2002):

> It follows from *Deal* that timing does not matter. It does not matter whether a defendant is tried by a jury or pleads

5

> guilty and it does not matter whether he pleads simultaneously or separately to multiple offenses, he is convicted of all the offenses. Each guilty plea is a separate conviction, one following after the other, no matter how many times the word "guilty" is uttered.

The Fourth Circuit has also recognized that *Deal* does not require any temporal separation between "prior" and "subsequent" convictions:

> Just as the Supreme Court in *Deal* declined to differentiate between convictions embodied in separate judgments and those embodied in separate charges in the same indictment, so, too, we cannot distinguish between criminal acts that occur over a period of time and those that result from the same course of criminal activity. The *Deal* Court was unequivocal in holding that under § 924(c)(1) "conviction" means "the finding of guilty by a judge or jury that necessarily precedes the entry of a final judgment of conviction," and that more than one "conviction" can occur in a single proceeding. *Deal*, 508 U.S. at 131-32. The Court stated: "The present statute . . . does not use the term 'offense,' so it cannot possibly be said that it requires a criminal act after the first conviction. What it requires is a conviction after the first conviction. There is utterly no ambiguity in that." *Id.* at 135.
>
> Most courts, including our own, that have had occasion to interpret § 924(c)(1) after Deal have required the imposition of a consecutive sentence for a second or subsequent § 924(c)(1) conviction notwithstanding a factual nexus between the predicate offense underlying the first conviction and the predicate offense underlying the second or subsequent conviction.

*See United States v. Haynes*, No. 00-4675, 26 Fed. Appx. 123, 138, 2001 U.S. App. LEXIS 24822 (4th Cir. Nov. 19, 2001) (unpub.) (citing cases); *cf. United States v. Chesier*, No. 01-3321, 39 Fed. Appx. 335, 2002 U.S. App. LEXIS 22186, *3-4 (7th Cir. Apr. 4, 2002) (noting that under *Deal*, a "second or subsequent conviction" does not depend on the firearm being used "after a prior conviction" but rather relates to "any sequence of multiple convictions").

This inclusive definition of "prior conviction" can also be derived by examining other portions of the U.S. Code. In a number of statutes, Congress has expressly required that a conviction be final before it can be used to enhance a criminal sentence. *See, e.g.*, 18 U.S.C. § 1028(b)(3) (providing a sentencing enhancement if the offense is committed "after a prior conviction under this section becomes final"); 18 U.S.C. § 3559(c) (providing for mandatory life imprisonment where a person is convicted of a violent felony and "has been convicted (and those convictions have become final) on separate prior occasions"); 18 U.S.C. § 3559(e) (defining a "prior sex conviction" to mean "a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense"). In Section 2252A, however, as in many other statutes, Congress has chosen to require only that the conviction be "prior." *See* 18 U.S.C. § 2252(b)(1).

In sum, because the holding in *Deal* cannot be distinguished, it is controlling law and must be applied.

## **CONCLUSION**

This Court has previously noted its concern with the harsh and often grossly disproportionate sentences that have resulted from stacking § 924(c) counts according to Deal. *See United States v. Jefferson*, 302 F. Supp. 2d 1295, 1298 (M.D. Ala. 2004) ("Unless Congress chooses to clarify its intent, the Supreme Court's statutory interpretation is binding on this court."); *United States v. Washington*, 301 F. Supp. 2d 1306, 1308 (M.D. Ala. 2004) ("The holding of *Deal* squarely controls this case."). Many other federal courts have faced similar frustration. *See, e.g.*, *United States v. Xiao Qin Zhou*, 428 F.3d 361 (2d Cir. N.Y. 2005) (noting that "the potentially staggering implications of the *Deal* holding are well-illustrated in this case" where defendant

7

received sentence of 984 months); *see also generally United States v. Angelos*, 345 F. Supp. 2d 1227 (D. Utah 2004).

Applying *Deal* to the facts of this case, however, would not produce such a result. Under Section 2252A(b), the penalty for Count 2 would be no less than 180 months; for Count 3, no less than 120 months. The Court is not required to run the sentences on Counts 2 and 3 consecutively, and the United States is not asking the Court to do that in this case. Where the Guidelines range calculated by the Court is 120-151 months (and the initial Guidelines range calculated by the Probation Office was 151-188 months), a 180-month sentence is reasonable, sufficient, and not greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a).

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY


    _____
    NATHAN D. STUMP
    Assistant United States Attorney
    United States Attorney's Office
    131 Clayton Street
    Montgomery, AL  36104
    Tel:  (334) 223-7280
    Fax:  (334) 223-7560
    Email:  nathan.stump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel Keith Rodgers, Esq. and Stephen NeSmith, Esq.

Respectfully submitted,

/s/Nathan D. Stump
NATHAN D. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104-3429
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: nathan.stump@usdoj.gov