IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case no. 2:07-cr-136-MHT |
| | * | |
| KEITH ANDREW ANDERSON | * | |
| Defendant | * | |

## DEFENDANT'S SUPPLEMENTAL RESPONSE IN SUPPORT OF DENYING ENHANCEMENT OF MANDATORY MINIMUM SENTENCE

**COMES NOW** the Defendant, **KEITH ANDREW ANDERSON,** by and through undersigned counsel and files this Supplemental Response In Support Of Denying Enhancement Of Mandatory Minimum Sentence. Your Defendant says as follows:

The United States [henceforth "the government"] and the Defendant in this cause entered into a binding plea agreement on July 25, 2007 that provided, inter alia, that the government reserves the right to argue at sentencing that a conviction on Count 1 or Count 2 constitutes a "prior conviction" within the meaning of 18 USC § 2252A(b) and the defendant likewise reserves the right to oppose this argument and to appeal any adverse determination. The government relies on <u>Deal vs. United States</u>, 508 U.S. 129,

113 S. Ct. 1993 for ultimate authority. Under the set of facts in this cause, it becomes clear that the government has the burden of showing that (1) *Deal*, supra, is controlling law as applied to this facts of this case, (2) that *Deal*, supra, applies under the restrictions set out in the plea agreement binding upon the parties and (3) *Deal*, supra, has any impact on the provisions set out in 18 USC § 2252A(b). Stated alternatives, the government must show that not only *Deal*, supra controls, but additionally that *Deal*, supra controls within the combined confines and restrictions brought to bear from both the plea agreement and the government's statute of choice; 18 USC § 2252A(b).

## DISCUSSION

### I: CONTROLLING LAW

In *Deal vs. United States* defendant Deal was convicted in the United States District Court, Southern District of Texas of six counts of bank robbery, six counts of carrying and using firearm during and in relation to crime of violence, and one count of being a felon in possession of firearms. He was sentenced to 5 years on the first count of carrying and using a firearm during and in relation to crime of violence and he was sentenced to 20 years on each of remaining five counts of that same offense with his sentence to run consecutively. The Fifth Circuit Court of Appeals, 954 F.2d 262, affirmed and Certiorari was granted to the United Stated Supreme Court, which affirmed the lower Court's ruling and held that: (1) "conviction," within meaning of statute mandating defendant Deal's 20-year sentence in case of a second or subsequent conviction for using or carrying firearm during and in relation to any crime of violence,

refers to finding of guilt by the Court that necessarily precedes entry of final judgment of conviction, rather than meaning "judgment of conviction," and (2) statute does not require that a previous sentence become final prior to the instant offense in order for enhanced sentence to be imposed for instant offense.

*Deal*, supra, stands for the proposition that a defendant, having been convicted of more than one crime, may have one "conviction" used against him for purposes of enhancing the sentencing of the second "conviction" **as long as the crimes are separate and distinct crimes**. That proposition is distinguishable from and found inapplicable to *United States v. Hamilton*, 953 F.2d 1344 (11th Cir. 1992) and *United States v. Anderson* 59 F.3d. 1323 (D.C. Cir. 1995) where multiple offenses were linked to the same underlying predicate on-going crime.

In the instant case, the defendant's underlying predicate offense was his one collection of prohibited pornographic images. From that pool of images, the two associated convictions are derived; that with the aid of a computer, the Defendant morphed images (production, Count 1) and uploaded images (transported, Count 2) to an Internet storage facility.

The crimes in this case are not truly separate and distinct as there is only one predicate offense and only one offending instrument, the collection of child pornography. Therefore, the government's argument must fail for the same reasons that the Courts in *United States v. Hamilton*, supra and *United States v. Anderson*, supra refused to consider associated convictions as "prior convictions" for purposes of enhancing sentencing when it was clear to the Court that there was only one, albeit continuing, underlying offense.

## II: THE PLEA AGREEMENT

*Deal*, supra, is not applicable under the set of facts in the instant case. Notwithstanding this conclusion, should the Court be inclined to disagree, then the government must show how *Deal*, supra, would be applied under the restrictions of the binding plea agreement in this cause. The government reserved the right to argue that a conviction on count 1 or count 2 of the information would constitute a "prior conviction" [as regards count 3] within the meaning of 18 USC §2252A(b). Stated alternatively, the government reserved the right to argue that the Defendant was convicted of Count 1 or Count 2 *before being convicted of Count 3*. The plea agreement brings into focus chronological restrictions, which do not arise in *Deal*, supra, and mandate that the government show Count 1 or 2 are *genuine prior convictions*. Superimposing the conduct and time frames attending the Counts, it becomes clear that it is chronologically *impossible* for the defendant to have morphed images (Production, Count 1, April 2006) or transported images (Transportation, Count 2, September 2006) that the defendant had yet to possess (Possession, Count 3, April 2007). It cannot be argued that the actions and conduct made basis of Counts 1 and 2 *could have* taken place before the actions and conduct made basis of count 3. Because of the absence of chronological restrictions, *Deal v. United States* and *United States v. Washington*, supra, are distinguishable from the instant cause and again, are not controlling.

## II: APPLICATION OF 18 USC § 2252A(b)

USC § 2252A(b) provides as follows:

> (1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), (3), (4), or (6) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but, if such person has a **prior conviction** under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.
> (2) Whoever violates, or attempts or conspires to violate, subsection (a)(5) shall be fined under this title or imprisoned not more than 10 years, or both, but, if such person has a **prior conviction** under this chapter, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned for not less than 10 years nor more than 20 years.

The government has not shown that *Deal*, supra, bears upon and re-construes the "prior conviction" language of 18 USC § 2252A(b) and its subordinate statutes that include chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State. The holding in *Deal*, supra, does not magically redefine and re-construe "prior conviction" language in all federal and state statutes. The government bears the burden, in each attempt to implement the "prior conviction" interpretation found in *Deal*, supra, onto other, different statutes than 18 USC § 924(c)(1) from where it originated. The government must overcome the plain meaning of each statute that the government wishes to have construed under *Deal*, supra as, as well overcome the legislative intent and how

the statute in question has been historically construed. The government has not addressed or overcome those obstacles in order to show that the targeted statute in this cause, 18 USC § 2252A(b), is now properly re-construed under *Deal*, supra. Moreover, 18 USC § 2252A(c), the succeeding code section, provides for an affirmative defense that effectively prohibits the government from plundering into this area because the alleged child pornography was not produced using an **actual minor**, but was produced using an artificial, computer generated (i.e. morphed) image. 18 USC § 2252A(c) provides as follows:

> It shall be an **affirmative defense** to a charge of violating paragraph (1), (2), (3)(A), (4), or (5) of subsection (a) that-
> (1)
> (A) the alleged child pornography was produced using an actual person or persons engaging in sexually explicit conduct; and
> (B) each such person was an adult at the time the material was produced; or
> (2) **the alleged child pornography was not produced using any actual minor or minors.**

Even if the government had successfully taken on the task of arguing that the holding in *Deal*, supra is applicable to the target statute, the government would necessarily have to face the affirmative defense(s) the legislators provided. The government has failed to address the affirmative defense(s) provisions altogether.

## CONCLUSION

The government's argument that Count one (production) and Count two (transportation) would constitute a prior conviction to Count three (possession) are inconsistent with *Deal vs. United States*, supra, and its progeny because on the facts of the case now before the Court, there was only one underlying predicate crime, the

possession of a collection of child pornography. Further, because the government is bound to the confines of the plea agreement that embodies and defines a chronological order for the convictions in this cause, their argument is further invalid, illogical, and void on its face because it represents a chronological impossibility that cannot be circumvented. Additionally, the government has made no showing that all federal and state statutes now must capitulate to the odd interpretation of "prior conviction" stemming from *Deal*, supra, nor have they shown that *Deal*, supra is specifically applicable to the language of the statute they have reserved for argument, USC § 2252A(b), and not subject to its legislatively provided defense(s).

Respectfully submitted,

/s/ Joseph Keith Rodgers
Joseph Keith Rodgers (ROD015)
472 S. Lawrence St., Ste 101-A
Montgomery, AL  36104
Phone   334.262.0508
Fax     334.834.4796

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of October 2007, the foregoing document was served on counsel listed below, properly addressed and pre-paid, in the following manner:

( ) Facsimile;
( ) Facsimile, original to follow by United States mail, first class, properly addressed;
( ) United States mail, first class, properly addressed;
( ) United States mail, Express Mail delivery;
( ) Federal Express, overnight delivery;
( ) United Parcel Service, overnight delivery;
(XX) Hand delivery;

Nathan D. Stump
Assistant United States Attorney
United States Attorney's Office-Middle District of Alabama
One Court Square, Suite 201
Montgomery, AL  36104

P. Douglas Mathis, Jr.
United States Probation Officer
Frank M. Johnson, Jr. U.S. Courthouse Complex
One Church Street
Montgomery, AL 36104-4018

Joseph Keith Rodgers (ROD015)
472 S. Lawrence St.
Montgomery, AL  36104
Phone  334.462.4432
Fax  334.834.4796