IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.___2:07-CR-136-MHT____ |
| | ) | |
| KEITH ANDERSON | ) | |
| | ) | |

**RESPONSE OF THE UNITED STATES TO
"DEFENDANT'S SUPPLEMENTAL RESPONSE IN SUPPORT OF
DENYING ENHANCEMENT OF MANDATORY MINIMUM SENTENCE"**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and responds to the above-referenced document (Docket #34) filed by the defendant regarding the application of *Deal v. United States*, 508 U.S. 129 (1993), to the "prior conviction" language in 18 U.S.C. § 2252A(b). In his brief (hereinafter "Def. Br."), the defendant makes three arguments for why the enhanced statutory minimum sentence should not apply to him. None are availing.

### 1.    Counts 1 and 2 are separate and distinct convictions.

Defendant first argues that his crimes of conviction were "not truly separate and distinct as there is only one predicate offense and only one offending instrument, the collection of child pornography." Def. Br. at 3. This simplistic characterization brazenly ignores the harm suffered by the children depicted in the "morphed" images that the defendant himself produced (Count 1), as well as the harm the defendant himself caused when he uploaded images of child sexual abuse on the internet (Count 2). To marginalize that harm as merely an extension of the "collection of child pornography" is to disregard

entirely the intent of Congress in criminalizing this conduct and to work a further injustice upon the children portrayed in the images involved:

> [Congress finds that...] the creation or distribution of child pornography which includes an image of a recognizable minor invades the child's privacy and reputational interests, since images that are created showing a child's face or other identifiable feature on a body engaging in sexually explicit conduct can haunt the minor for years to come[.]

Pub. L. 104-208, Div. A, Title I, § 101(a) at ¶ 7 (Sept. 30, 1996).  *See also generally United States v. Tillmon*, 195 F.3d 640, 644 (11th Cir. 1999) (quoting inter alia *United States v. Norris*, 159 F.3d 926, 930-31 (5th Cir. 1998)) (internal citations omitted):

> Like our sister circuits, we also reject Defendant's argument distinguishing between the victim of production of child pornography and the victim of the dissemination of the images. Although an argument can be made that the production of child pornography may be more immediately harmful to the child involved, the dissemination of that material certainly exacerbates that harm, not only by constituting a continuing invasion of privacy but by providing the very market that led to the creation of the images in the first place.  Thus, the children depicted remain the primary victims not only when the pictures are taken or purchased, but also when they are subsequently transported or distributed from one person to another. As stated by the Fifth Circuit in *Norris*, "the victimization of the children involved does not end when the pornographer's camera is put away … 'the pornography's continued existence causes the child victims continuing harm by haunting those children in future years.'"

The Eleventh Circuit in *Tillmon* went on to affirm the decision of the district court not to group three counts of transporting child pornography, noting that there were different victims of the three offenses:

> For the purpose of sentencing pursuant to Sentencing Guidelines section 3D1.2 for violations of 18 U.S.C. § 2252, we find that the primary identifiable victim of the transportation of child pornography is the minor depicted in

2

> the image. In addition, the district court did not plainly err in finding that the first three counts involved different individuals. Accordingly, the district court did not err in declining to group Defendant's three counts of transportation of child pornography for the purposes of sentencing.

*Id.* at 645.  With regard to this point, Defendant's reliance on *United States v. Hamilton*, 953 F.2d 1344 (11th Cir. 1992), and *United States v. Anderson*, 59 F.3d 1323 (D.C. Cir. 1995), is misguided.  Both of those cases involved multiple 924(c) charges brought in connection with the same underlying offense; both were tied to conspiracy allegations, and both have since been distinguished by the Eleventh Circuit.  *See United States v. Rahim*, 431 F.3d 753, 757 (11th Cir. 2005) (distinguishing *Hamilton*) ("Section 924(c) has no language limiting its reach to offenses occurring in a separate 'criminal transaction' or 'course of conduct,' and we cannot and will not read that requirement into the statute.").  Contrary to the defendant's intimations, therefore, neither case is controlling.

### 2.    Counts 1 and 2 are "prior" convictions under *Deal*.

Defendant next argues that his convictions on Counts 1 and 2 of the Information cannot be "prior" to his conviction for Count 3 because the underlying offense conduct alleged in Count 3 (possession of child pornography) must have occurred prior to the criminal conduct underlying Counts 1 and 2 (production and transportation of child pornography).  *See* Def. Br. at 4 ("[I]t is chronologically *impossible* for the defendant to have morphed images... or transported images... that the defendant had yet to possess.").

But that argument is flawed in at least three ways.  First, it wrongly presumes that the charges all relate to a common "pool" of offending images.  The testimony provided at sentencing by Forensic Analyst Laurie Evans indicated that there were 19 "morphed"

3

images that were produced by the defendant in April 2006 (Count 1). Four additional images were uploaded by the defendant to the Photobucket.com website (Count 2), while the child pornography that the defendant possessed on April 11, 2007, included more than 1700 additional images, as well as 27 video clips – none of which were produced or transported by the defendant (Count 3). Simply because the defendant could have been charged with possessing the images he produced and transported does not mean that his possession of additional images afterward is somehow logically or chronologically inconsistent.

Second, the Information to which the defendant has already pleaded guilty alleges that the criminal possession at issue in Count 3 occurred on April 11, 2007, more than seven months after the transportation conduct in Count 2 and nearly one year after the production conduct in Count 1. Because the defendant pleaded guilty to these charges, he is effectively estopped at this stage from arguing that they are in any way inaccurate or untrue. *Cf. United States v. Viscome*, 144 F.3d 1365, 1370 (11th Cir. 1998) (defendant's challenge to the sufficiency of the evidence was waived by defendant's guilty plea).

Third, whether the offense conduct in Count 3 took place before or after the crimes alleged in Counts 1 and 2 has absolutely no bearing on the application of *Deal*. All that matters is that the defendant has been convicted of Counts 1 and 2. In fact, the Supreme Court in *Deal* expressly clarified the issue, explaining that it is the sequence of the convictions, not the order of offenses, that controls. *See Deal*, 508 U.S. at 135 ("Under the terminology 'second or subsequent conviction,' in the context at issue here, it is entirely clear (without any 'sentence parsing') that a defendant convicted of a crime

4

committed in 1992, who has previously been convicted of a crime committed in 1993, would receive the enhanced sentence.").

### 3. The statutory enhancement is not affected by any affirmative defense.

The defendant concludes by arguing that his sentence cannot be enhanced because 18 U.S.C. § 2252A(c) provides him with an affirmative defense. *See* Def. Br. at 6. This line of attack simply makes no sense at all. Section 2252A(c) provides an affirmative defense not to the sentencing enhancement, but rather to the underlying charges. *Compare, e.g.*, 18 U.S.C. § 2252A(c) ("It shall be an affirmative defense to a charge of violating paragraph (1)...."); *with* 18 U.S.C. § 3559(c)(3)(A), *discussed in United States v. Gray*, 260 F.3d 1267, 1278-79 (11th Cir. 2001) ("Robbery... shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence...."). Needless to say, it is entirely too late for the defendant to be asserting an affirmative defense to the criminal conduct itself, as this Court has already convicted him for the crimes charged in the Information. *See, e.g.*, *United States v. Brendia*, No. 92-1261, 1992 U.S. App. LEXIS 27492, *4 (7th Cir. Oct. 23, 1992) (unpub.) (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)) ("In pleading guilty, the defendant waived his right to present potential affirmative defenses[.]").

Moreover, the affirmative defense does not even apply to the defendant. Rather, it applies only to charges of violating paragraphs (1), (2), (3)(A), (4) and (5) of Section 2252A(a), and only in cases where the defendant can show that the child pornography at issue was not produced using any actual minors. *See* 18 U.S.C. § 2252A(c). The defendant here has been charged in Count 2 with transporting child pornography, in violation of paragraph (1), and in Count 3 with possessing child pornography, in violation

5

of paragraph (5).  But in both instances, the child pornography that the defendant transported and possessed had been produced using actual minors (*e.g.*, three of the four images the defendant transported were of an identified little girl known to the law enforcement community as "Alina").  Indeed, of the more than 1700 pornographic images that the defendant had in his possession, only 19 consisted of the "morphed" images that he himself created.  Furthermore, those "morphed" images were not charged under paragraphs (1), (2), (3)(A), (4) or (5) of Section 2252A(a); they were charged under 18 U.S.C. § 1466A(a), and there is no affirmative defense to that charge.  *But see* 18 U.S.C. § 1466A(e) (providing an affirmative defense to a charge of violating Section 1466A(b)).

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in prior briefing on this issue, the United States respectfully asks this Court to apply the statutory sentencing enhancement for "prior convictions" under Section 2252A(b) according to the Supreme Court's holding in *Deal*, and to sentence the defendant to serve no less than 15 years in prison for his offenses in this case.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY


*/s/ Nathan D. Stump*
NATHAN D. STUMP
Assistant United States Attorney
United States Attorney's Office
131 Clayton Street
Montgomery, AL  36104
Tel:  (334) 223-7280
Fax:  (334) 223-7560
Email:  nathan.stump@usdoj.gov

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel Keith Rodgers, Esq. and Stephen NeSmith, Esq.

    Respectfully submitted,

    */s/Nathan D. Stump*
    NATHAN D. STUMP
    Assistant United States Attorney
    131 Clayton Street
    Montgomery, AL  36104-3429
    Tel: (334) 223-7280
    Fax: (334) 223-7560
    Email: nathan.stump@usdoj.gov