IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:07cr136-MHT |
| **KEITH ANDREW ANDERSON** | ) | |

**ORDER**

The court has noted a new issue concerning defendant Keith Andrew Anderson's sentencing. The parties are to file supplemental briefs answering three questions regarding this issue, which is explained below.

In the plea agreement, the government "reserve[d] the right to argue at sentencing that a conviction on Count I <u>or</u> Count II constitutes a 'prior conviction' within the meaning of 18 USC § 2252A(b)." Plea agreement (Doc. No. 14), at 4 (emphasis added). The government did not appear to specify which of these counts it would deem the "prior conviction," and there may be some significance to that choice because of which count then becomes the conviction for which the sentence enhancement is to be

applied. If Count I is the prior conviction, then convictions on Counts II and III are subsequent to it. If Count II is the prior conviction, then only Count III actually follows it in the sequence of the counts.

The import of this difference is that when Count II is considered a subsequent convictions, then the court must apply § 2252A(b)(1), which provides for a 15-year minimum. If, however, Count III alone is a subsequent conviction, Anderson would be subject to § 2252A(b)(2)'s 10-year mandatory minimum for the less serious crime of possession, rather than production or transportation, of child pornography.

The three questions that flow from this explanation are as follows:

(1) Is the court reading the statute correctly in finding that a subsequent conviction of Count II would require a 15-year mandatory minimum while a subsequent conviction of Count III would require only 10 years?

(2) Is the court correct to require sentencing sequentially by count number--that is, for example, to find that a "prior conviction" on Count II could not apply to enhance sentencing on Count I?

(3) If the court's reading of the statute is correct, explain in what _manner_ Anderson should be sentenced and _why_ that particular manner is required by law.

It is therefore ORDERED that the parties are to file supplemental briefs addressing these three questions and any other relevant issues: the government's brief is due by November 9, 2007, and defendant Keith Andrew Anderson's brief is due by November 14, 2007.

DONE, this the 6th day of November, 2007.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE