IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO.___2:07-CR-136-MHT____ |
| ) | |
| KEITH ANDERSON ) | |
| ) | |

**GOVERNMENT'S BRIEF IN RESPONSE TO NOVEMBER 6, 2007 ORDER
REGARDING THREE SENTENCING QUESTIONS**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this brief in response to the Court's November 6, 2007 Order in the above-captioned case. In its Order, this Court asked the parties to address three questions:

1. Is the court reading the statute correctly in finding that a subsequent conviction of Count II would require a 15-year mandatory minimum while a subsequent conviction of Count III would require only 10 years?

2. Is the court correct to require sentencing sequentially by count number – that is, for example, to find that a "prior conviction" on Count II could not apply to enhance sentencing on Count I?

3. If the court's reading of the statute is correct, explain in what manner Anderson should be sentenced and why that particular manner is required by law.

The United States will attempt to answer each in turn.

## ARGUMENT

### I.   The Court is correct in its interpretation of Section 2252A(b).

In Count One, Anderson has been adjudged guilty of violating 18 U.S.C. § 1466A, an offense listed in Chapter 71 of Title 18 of the United States Code. Based upon the holding in *Deal v. United States*, 508 U.S. 129 (1993), that conviction qualifies

as a "prior conviction" for purposes of determining the appropriate statutory sentencing range for Anderson's convictions on Counts Two and Three. Under the provisions in Sections 2252A(b)(1) and (2), the prior conviction on Count One would result in a 15-year mandatory minimum on Count Two and a 10-year mandatory minimum on Count Three. *See* 18 U.S.C. § 2252A(b)(1) (with regard to, *inter alia*, violations of Section 2252A(a)(1)) ("[B]ut, if such person has a prior conviction under... chapter 71... such person shall be fined under this title and imprisoned for **not less than 15 years** nor more than 40 years."); 18 U.S.C. § 2252A(b)(2) (with regard to violations of Section 2252A(a)(5)) ("[B]ut, if such person has a prior conviction under... chapter 71... such person shall be fined under this title and imprisoned for **not less than 10 years** nor more than 20 years."). Likewise, as an offense listed in Chapter 110, Count Two constitutes a qualifying "prior conviction" for Count Three.[1] *See* 18 U.S.C. § 2252A(b)(2) ("[B]ut, if such person has a prior conviction under this chapter... such person shall be fined under this title and imprisoned for **not less than 10 years** nor more than 20 years.").

The analysis ends here, as neither paragraph (1) nor paragraph (2) of Section 2252A(b) provides any additional sentencing enhancement for two or more qualifying prior convictions. In order to determine the mandatory minimum sentence for each count of conviction, therefore, the Court need only consider whether one of the other two counts qualifies as a "prior conviction" under the statute.

---

[1] It could also be argued that Count Two qualifies as a "prior conviction" for Count One, based on the reasoning described in the second part of this brief. In that case, the mandatory minimum for Count One would also be 15 years. *See* 18 U.S.C. § 1466A(a).

## II. The Court is correct to require sentencing sequentially by count number, as long as the order of counts has not been manipulated.

Where the Deal Court answered the question of what constitutes a "conviction,"[2] the Court's second question asks more or less what the word "prior" means. How that question is ultimately answered will have a significant impact on how federal sentences are calculated across the country. That is because, in the various provisions of Section 924(c), as in other sections of the Code (including Section 2252A(b)), there are different possible mandatory minimums that could apply depending on which count is considered "first" or "prior." Using Section 924(c) as an example, if a defendant were charged with brandishing a firearm in Count One and with discharging a firearm in Count Two, he could be sentenced to 7 years on Count One and an additional 25 years on Count Two, for a total minimum sentence of *32 years*. On the other hand, if the order of convictions were reversed, that same defendant could be sentenced to 10 years on Count Two and an additional 25 years on Count One, for a total minimum sentence of *35 years*.

Likewise, in the context of Section 2252A(b), the sentences could be very different depending on which count is used to enhance the sentence on the other. In the current case, suppose for the sake of illustration that Anderson had not been convicted of Count One. In that instance, considering Count Two to be the prior conviction for purposes of sentencing on Count Three would result in the following mandatory minimums:

| Count Two | Count Three |
| --- | --- |
| 5 Years | 10 years |

---

[2] In *Deal*, the Supreme Court defined the term "conviction" [at least in the context of Section 924(c)] to refer to "the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgment of conviction." 508 U.S. at 132.

By contrast, if the opposite were true (i.e., Count Three were considered to be the prior conviction for purposes of sentencing on Count Two), the mandatory minimums would be very different:

| Count Two | Count Three |
|---|---|
| 15 Years | None |

The issue of which count should be counted first was not examined in *Deal*. Indeed, despite diligent efforts, counsel for the United States has not located a single federal case, published or unpublished, that squarely addresses the issue, and offers instead the following analysis.

There are only three reasonable methods for determining which count in the indictment should be considered the "first" or "prior" conviction. First, as suggested in the Order, the Court could look to the sequence of the counts in the indictment and consider the lowest-numbered count first, the next lowest second, and on and on. This approach finds support in *Deal*, which recognized that a particular conviction can be treated as "second or subsequent" to a conviction on another count in the same indictment because "findings of guilt on several counts are necessarily arrived at successively in time." *Deal*, 508 U.S. at 133 n.1; *cf. id.* at 130 (noting that the district court had sentenced the defendant to 5 years' imprisonment on the first § 924(c)(1) count and to 20 years on each of the other five § 924(c)(1) counts). Other courts seem to have adopted this approach in Section 924(c) cases by default. *See, e.g.*, *United States v. Allee*, 299 F.3d 996, 999 (8th Cir. 2002) (noting that defendant was sentenced to 84 months' imprisonment on the first § 924(c)(1) charge (brandishing under (A)(ii)) and 300 months' imprisonment on the second (discharging under (A)(iii))).

The problem, of course, with allowing the order of the counts in the indictment to control which convictions are "prior" is that it would afford prosecutors the power to determine the statutory minimum sentence based not on what conduct to charge, but simply in which order to charge it. That is precisely the concern that drove the holding in *Deal*:

> The dissent contends that even under our reading of the statute, "prosecutors will continue to enjoy considerable discretion in deciding how many § 924(c) offenses to charge in relation to a criminal transaction or series of transactions." That discretion, however, pertains to the prosecutor's universally available and unvoidable power to charge or not to charge an offense. Petitioner's reading would confer the extraordinary new power to determine the punishment for a charged offense by simply modifying the manner of charging.

508 U.S. at 134 n.2 (internal citation omitted). If it was the rule of this Court to simply follow the sequence of the counts in the indictment, prosecutors would begin structuring their indictments so that the offenses with the largest potential statutory enhancements would be pushed to the end. To combat that practice, and to shield defendants from potential prosecutorial abuse, courts would inevitably develop a practice of considering the chronology of the underlying offense conduct to determine whether the counts had been ordered so as to artificially manipulate the final sentence.

This second approach – determining whether a conviction is "prior" based solely upon the dates of the underlying criminal conduct – sounds fairer and more reasonable, but it would only work for cases in which each count could be connected to a separate criminal transaction. For a case in which a single course of conduct results in multiple qualifying convictions, relying on the sequence of events underlying the convictions would be a fruitless and ultimately arbitrary exercise. For example, assuming certain

5

facts can be shown, a defendant who at one time transports both a minor and an image of child pornography across state lines could in theory be convicted of simultaneously violating both 18 U.S.C. § 2252A(a)(1) and 18 U.S.C. § 2423(a).  In that case, the holding in *Deal* would still apply,[3] but although it would mean the difference between applying a 10-year or a 15-year statutory minimum, it would be impossible to determine which offense occurred first, since the single act of crossing into another state would simultaneously give rise to both offenses.  In such circumstances, the Court would then be forced rather awkwardly to retreat to the order of counts in the indictment, or adopt some other approach altogether.

An additional reason to reject the second approach is that there is some language in *Deal* to suggest that it would be disfavored.  Indeed, the *Deal* Court rejected the idea that the sequence of underlying events is critical, finding that in the context of Section 924(c), the offense used to enhance a penalty need not occur before the charge on which the defendant is sentenced:

> Under the terminology "second or subsequent conviction," in the context at issue here, it is entirely clear (without any "sentence parsing") that a defendant convicted of a crime committed in 1992, who has previously been convicted of a crime committed in 1993, would receive the enhanced sentence. * * *
>
> The present statute . . . does not use the term "offense," so it cannot possibly be said that it requires a criminal act after the first conviction.  What it requires is a conviction after the first conviction.  There is utterly no ambiguity in that[.]

---

[3] The Eleventh Circuit has held that "Section 924(c) has no language limiting its reach to offenses occurring in a separate "criminal transaction" or "course of conduct," and we cannot and will not read that requirement into the statute." *United States v. Rahim*, 431 F.3d 753, 757 (11th Cir. 2005); *see also United States v. Jefferson*, 302 F. Supp. 2d 1295, 1302 (M.D. Ala. 2004) ("[T]he term 'subsequent conviction,' as used in [18 U.S.C. § 924(c)], means a finding of guilt by a judge or jury, and nothing more, that is, regardless as to whether one count (and the underlying conduct) was actually simultaneous with, or subsequent to another count.").

6

*Deal*, 508 U.S. at 135.[4]  If, as *Deal* holds, it is does not matter when the underlying offense conduct occurred, adopting the second approach makes little sense.

The third approach to determining which a conviction should be counted as "prior" is to choose the order of conviction that produces the highest mandatory minimum sentence.  The logic behind such an approach is that Congress has passed legislation requiring courts to prescribe prison terms of at least a certain length if the defendant has a "prior conviction."  At the same time, the Supreme Court has held, in *Deal*, that a prior "conviction" can be based on another count in the same indictment.  *Deal*, 508 U.S. at 137 ("We see no reason why it is 'glaringly unjust' that petitioner be treated similarly here, simply because he managed to evade detection, prosecution, and conviction for the first five offenses and was ultimately tried for all six in a single proceeding."); *accord United States v. Couch*, 291 F.3d 251, 255 (3d Cir. 2002) ("From the plain language of the statute, with the definitions assigned to it in *Deal*, it is clear that 'second or subsequent' is a quantitative term that references each individual conviction except one."); *cf. United States v. Matthews*, Nos. 01-1808, 01-2920, 29 Fed. Appx. 81, 83, 2002 U.S. App. LEXIS 2249 (3d Cir. Feb. 8, 2002) ("It follows from *Deal* that timing does not matter.").  If a conviction on one count *could* lead to a higher mandatory minimum sentence for a conviction on another count (even in the same indictment), then to effectuate the will of Congress [so the argument goes], the sentence for the other count *must* be enhanced accordingly.  *Cf., e.g.*, *United States v. Hubbard*, 480 F.3d 341 (5th

---

[4] It should be noted that, in almost the same breath, the *Deal* majority seems to contradict this statement with the following: "It seems to us eminently sensible to punish the second murder, for example, with life in prison rather than a term of years -- **whether or not conviction of the first murder** (or completion of the sentence for the first murder) **has yet occurred**." *Deal*, 508 U.S. at 136-37 (emphasis added).

Cir. 2007) (vacating sentence where district court failed to enhance defendant's sentence for violation of Section 2252A(a)(2) based on qualifying prior conviction).

This third approach is also flawed, however, because it would inevitably force courts into applying the very same artificially-enhanced mandatory minimums that the first approach was trying to avoid. Prosecutors would have no need to gerrymander indictments to get the harshest sentences; the courts would be doing it for them.

### III.   This Court should adopt a hybrid approach.

In light of the problems with each of the three approaches discussed herein, the best option is to adopt a hybrid approach that incorporates principles from all three. The Court should begin with the numbered sequence of counts in the charging instrument, but if the counts are not ordered chronologically, the Court should rely secondarily on the dates of the underlying offense conduct, in order to prevent prosecutorial manipulation. Finally, if any of the counts occurred simultaneously, the Court should apply the enhancement to the count that would result in the highest statutory minimum.

Applying that hybrid approach to the counts in this case would require the Court to treat Count One as a prior conviction for Count Two, and to treat either Count One or Count Two as a prior conviction for Count Three. The result should be as follows:

|  | Count One | Count Two | Count Three |
|---|---|---|---|
| Statutory Minimum: | **5 Years** | **15 Years** | **10 Years** |
| Relevant Statute: | 1466A(a)/2252A(b)(1) (no prior conviction) | 2252A(b)(1) (prior conviction on Count One) | 2252A(b)(2) (prior conviction on Counts One or Two) |

8

## **CONCLUSION**

Accordingly, and for all of the reasons stated herein, as well as all of the reasons previously argued in other sentencing memoranda, the United States respectfully asks this Court to impose a sentence in this case of 180 months on Count Two, to run concurrently to sentences of 60 Months on Count One and 120 Months on Count Three.

    Respectfully submitted,

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    */s/ Nathan D. Stump*
    NATHAN D. STUMP
    Assistant United States Attorney
    United States Attorney's Office
    131 Clayton Street
    Montgomery, AL  36104
    Tel:  (334) 223-7280
    Fax:  (334) 223-7560
    Email:  nathan.stump@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel Keith Rodgers, Esq. and Stephen NeSmith, Esq.

        Respectfully submitted,

        */s/Nathan D. Stump*
        NATHAN D. STUMP
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, AL  36104-3429
        Tel: (334) 223-7280
        Fax: (334) 223-7560
        Email: nathan.stump@usdoj.gov