IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case no. 2:07-cr-136-MHT |
| | * | |
| **KEITH ANDREW ANDERSON** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

**DEFENDANT'S RESPONSE TO 11-6-2007 ORDER
REGARDING THREE SENTENCING QUESTIONS**

**COMES NOW** the Defendant, **KEITH ANDREW ANDERSON,** by and through undersigned counsel and submits this brief in response to this Court's November 6, 2007 Order that posited three questions for the parties to answer: (1) Is the court reading the statute correctly in finding that a subsequent conviction of Count II would require a 15-year mandatory minimum while a subsequent conviction of Count III would require only 10 years? (2) Is the court correct to require sentencing sequentially by count number--that is, for example, to find that a "prior conviction" on Count II could not apply to enhance sentencing on Count I? (3) If the court's reading of the statute is correct, explain in what manner Anderson should be sentenced and why that particular manner is required by law.

The Court's questions necessarily assume or encompass as unarticulated premises (1) the sentencing enhancement effect of <u>Deal vs. United States</u>, 508 U.S. 129, 113 S. Ct.

1993, where DEAL committed distinct criminal acts is applicable to the confluent criminal acts seen in this case, (2) the language of the binding Plea Agreement allows for arbitrary Count sequencing, and (3) *Deal*, supra, finds application in the statutes that this Defendant is charged under.  Your Defendant holds that these unarticulated premises are faulty for reasons already advanced in earlier memoranda of law and as a necessary result, the questions that might arise from these premises are inherently flawed.  Objections notwithstanding, Your Defendant proceeds to comply with this Court's Order and address the questions as they are propounded.

## QUESTION ONE

> Is the court reading the statute correctly in finding that a subsequent conviction of Count II would require a 15-year mandatory minimum while a subsequent conviction of Count III would require only 10 years?

Your Defendant agrees that *if* a subsequent conviction is found for purposes of Count II, this would require a 15-year mandatory minimum while *if* a subsequent conviction is found for purposes of Count III, this would require only 10 years.

## QUESTION TWO

> Is the court correct to require sentencing sequentially by count number--that is, for example, to find that a "prior conviction" on Count II could not apply to enhance sentencing on Count I?

Yes.  The Court is correct to require sentencing sequentially by count number.  The language of the Plea Agreement drives this conclusion, as opposed to other interpretations under *Deal*, supra, or its progeny, and it is binding upon the parties and the

Court. Further, the language of the Plea Agreement where the government "reserve [d] the right to argue at sentencing that a conviction on Count I **or** Count II **constitutes** a 'prior conviction' within the meaning of 18 USC § 2252A(b)" [for purposes of Count 3] binds the government to the language they provided, specifically the use of their chosen coordinating conjunction "**or**" that renders a proper interpretation of the Plea Agreement to read as follows: That the government reserved the right to argue that a conviction on Count 1 *constitutes* a prior conviction within the meaning of 18 USC § 2252A(b) [for purposes of Count 3] **or** that the government reserved the right to argue that a conviction on Count 2 *constitutes* a prior conviction within the meaning of 18 USC § 2252A(b) [for purposes of Count 3]. Either way, the necessary conclusion is that if *Deal*, supra, is applicable to enhance this Defendant's sentence, it must be directed at Count 3 *alone*, and therefore provides the mandatory minimum sentence of 10 years.

## QUESTION THREE

If the court's reading of the statute is correct, explain in what manner Anderson should be sentenced and why that particular manner is required by law.

The clause in the Plea Agreement, paragraph 5, whereby the government sought to reserve the right to argue whether Count 1 or Count 2 constitutes a "prior conviction" is facially ambiguous. The clause is sufficiently uncertain, evidenced by this Court's Order for brief's on the subject, to apply the rule of lenity. The rule of lenity is not only applied to criminal statutes, but to other statutes or clauses that have criminal implication or application, *United States v. Thompson/Center Arms Co.*, 504 U.S. 505, 517-518. The rule is due to be applied, if only by analogy, to the uncertainty contaminating this

(criminally applicable) clause.  Further, the Plea Agreement falls under laws of contract construction, and this controverted provision should be construed against its maker, the government, again limiting its effect. *Radcliffe Materials, Inc. v. Stuyvesant Ins.*, 289 F. Supp. 917, DC. Ala. 1968.

Anderson should be sentenced according to the sentencing guidelines with input from the United States Probation Department.  *Deal*, supra, is not applicable under the facts of this case, and therefore concerns regarding the applicability of paragraph 5 of the Plea Agreement are a nullity.

In the event that this Court should find that the sentencing enhancement effect of *Deal*, supra is applicable to the this case and applies to the statutes this Defendant is charged under, Your Defendant argues that the proper effect of *Deal*, supra, as applied through the limiting filter of the Plea Agreement language requires sentencing sequentially whereby Count 1 or Count 2 may be constituted a "prior conviction" for purposes of Count 3, and would render a minimum sentence for this Defendant of 10 years.

      */s/ Joseph Keith Rodgers*
Joseph Keith Rodgers (ROD015)
472 S. Lawrence St., Ste 101-A
Montgomery, AL  36104
Phone   334.262.0508
Fax       334.834.4796