IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.___2:07-CR-136-MHT___ |
| | ) | |
| KEITH ANDERSON | ) | |
| | ) | |

**GOVERNMENT'S DECEMBER 14, 2007 SENTENCING MEMORANDUM**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this supplemental sentencing memorandum to advise the Court about a new development in the legal issue currently under consideration.

Without hearing oral argument, the 11th Circuit today published an opinion in the case of *United States v. Michael David King*, No. 07-11808 (District Ct. No. 05cr301-WHA). The opinion affirms the decision reached by the Honorable W. Harold Albritton, III, that in order to qualify as a "prior conviction" under the language of 18 U.S.C. § 2252A(b), a conviction must have occurred before the *violation* (rather than the conviction) for which the defendant is currently being sentenced. *See* Attachment 1, *King*, slip op. at 9-13.

In rejecting the arguments advanced by the Government concerning the interpretation of *Deal v. United States*, 508 U.S. 129 (1993), the Eleventh Circuit relied heavily on one of its own cases, *United States v. Richardson*, 166 F.3d 1360 (11th Cir. 1999) (attached hereto as Attachment 2), which held that for purposes of the Armed Career Criminal Act, a drug distribution conviction that came after the defendant's

criminal conduct but before the related conviction would not qualify as a "previous conviction." Neither party in *King*, or in this case, cited to *Richardson*.

Although there is language in *King* that strongly suggests that the panel disagreed with its previous holding in *Richardson*, or at least its application to the immediate issue (see *King*, slip op. at 12-13 (citing cases for the proposition that, without consideration en banc, a panel cannot overrule a prior panel decision even if it is deemed to have been incorrectly decided)), the holding in *King* would appear to be directly contrary to the Government's position in this case. As it is binding upon this Court, the *King* decision compels the Government to concede that under the current state of the law, the enhanced statutory minimum terms of imprisonment should not be applied to any of the counts on which Mr. Anderson has been convicted.

Notwithstanding that concession, the Government maintains that the *King* decision (and its interpretation of *Richardson*) is contrary to the holding in *Deal* and otherwise improperly reasoned. Therefore, the Government hereby expressly notes and reserves its objection on this issue for appeal.

                                              Respectfully submitted,

                                              LEURA G. CANARY
                                              UNITED STATES ATTORNEY

                                              */s/ Nathan D. Stump*
                                              NATHAN D. STUMP
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              131 Clayton Street
                                              Montgomery, AL  36104
                                              Tel:  (334) 223-7280
                                              Fax:  (334) 223-7560
                                              Email:  nathan.stump@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to defense counsel Keith Rodgers, Esq. and Stephen NeSmith, Esq.

      Respectfully submitted,

*/s/Nathan D. Stump*
NATHAN D. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104-3429
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: nathan.stump@usdoj.gov

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11808
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00301-CR-WHA

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee-
                              Cross-Appellant,

versus

MICHAEL DAVID KING,

                              Defendant-Appellant-
                              Cross-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

**(December 14, 2007)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Michael David King appeals his convictions for transportation of child

pornography, in violation of 18 U.S.C. § 2252A(a)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).  The government cross-appeals challenging the district court's determination that King's conviction for transporting child pornography did not constitute a "prior conviction" for the purpose of imposing a mandatory minimum sentence of ten years imprisonment for the possession conviction, under 18 U.S.C. § 2252A(b)(2).

I.

In February 2003, while serving as a civilian contractor, King resided in a dormitory at the Prince Sultan Air Base in Saudi Arabia.  During his stay in the dormitory, King kept his personal laptop computer in his room and connected it to the base network.  King understood that as a user of the base network, his activities on the network were subject to monitoring.  King also believed that he had secured his computer so that others could not access the contents of its hard drive.

On February 23, 2003, an enlisted airman was searching the base network for music files when he came across King's computer on the network.  The airman was able to access King's hard drive because it was a "shared" drive.  In addition to finding music files on King's computer, the airman also discovered a pornographic movie and text files "of a pornographic nature."  The airman reported his discovery to a military investigator who in turn referred the matter to a

computer specialist. This specialist located King's computer and hard drive on the base network and verified the presence of pornographic videos and explicit text files on the computer. She also discovered a folder on the hard drive labeled "pedophilia." The folder, however, contained no files. The computer specialist did not employ any "special means" to access King's computer because "everybody on the entire network" could obtain the same access.

The computer specialist then filed a report with the investigator detailing what she had found, and the investigator obtained a search warrant for King's room. During a search of his room, military officials seized King's computer and also found CDs containing child pornography. They then referred the matter to the FBI for investigation and King left Saudi Arabia and returned to Montgomery, Alabama.

Two years later, the government obtained an indictment charging King with possession of child pornography.[1] After his arrest, the government searched his residence pursuant to a search warrant and found additional CDs and hard drives containing over 30,000 images of child pornography.

At his arraignment, King entered a plea of not guilty. Shortly thereafter, he

---

[1] A grand jury later returned a superceding indictment which contained two counts of possessing child pornography and one count of transporting child pornography from Montgomery, Alabama to Saudi Arabia.

filed a motion to suppress the evidence seized from his dorm room in Saudi Arabia, arguing that the search violated the Fourth Amendment. Later, King filed a motion to suppress the evidence obtained from his residence in Montgomery and a post-arrest statement, arguing that the evidence and statement were fruits of the illegal search of his dorm room. A magistrate judge issued a recommendation and report as to the first motion, recommending its denial. King objected to the report and recommendation, but the district court overruled his objection and denied the first motion to suppress, finding that King had no reasonable expectation of privacy in the contents of his computer and, alternatively, that the search was a proper workplace search. The district court also considered King's second motion to suppress, without the benefit of a magistrate judge's report, and denied that motion as well.

King then entered into a plea agreement with the government pursuant to which he pleaded guilty to one count of transporting child pornography and one count of possessing child pornography. The agreement allowed King to appeal the district court's denial of his motions to suppress. The agreement also reflected the parties' understanding that the government would recommend a sentence within the applicable sentencing guidelines range, subject to the government's right to seek a ten-year mandatory minimum sentence on the possession count on the basis

of King's "prior conviction" for the transporting child pornography count.

The district court held a sentence proceeding on April 17, 2007. At that proceeding, the government argued for a ten-year mandatory minimum sentence as it was entitled to do under the plea agreement. The district court rejected the government's argument and sentenced King to 108 months imprisonment on both the transportation and possession charges to be served concurrently. That sentence was within the applicable guideline range. King then appealed his conviction and the government cross-appealed, challenging the sentence imposed by the district court.

## II.

King contends that the district court denied his motions to suppress based on the erroneous finding that he did not have a reasonable expectation of privacy in his computer files that were remotely accessed over a military computer network, because the search of those files by the computer specialist exceeded the scope of her authority to monitor usage of the base network. King asserts that he sought to protect his computer files through security settings, he never knowingly exposed them to the public, and he was unaware that the files were shared on the network. King further challenges the district court's alternative finding that the military officials conducted a proper workplace search, arguing that this was a criminal

investigation into King's personal computer located in his private dorm room. Finally, King asserts that the subsequent search warrant was invalid, as it was based on information that was obtained improperly through the remote search of his computer files.

We review a district court's denial of a defendant's motion to suppress under a mixed standard of review, examining the district court's findings of fact for clear error and the district court's application of law to those facts de novo. United States v. Ramirez, 476 F.3d 1231, 1235 (11th Cir.), cert. denied, 127 S. Ct. 2924 (2007).

The Fourth Amendment's prohibition against unreasonable searches and seizures "protects an individual in those places where [he] can demonstrate a reasonable expectation of privacy against government intrusion," and "only individuals who actually enjoy the reasonable expectation of privacy have standing to challenge the validity of a government search." United States v. Cooper, 203 F.3d 1279, 1283–84 (11th Cir. 2000). "The party alleging an unconstitutional search must establish both a subjective and an objective expectation of privacy. The subjective component requires that a person exhibit an actual expectation of privacy, while the objective component requires that the privacy expectation be one that society is prepared to recognize as reasonable." United States v. Segura-

Baltazar, 448 F.3d 1281, 1286 (11th Cir. 2006) (quotation marks and citations omitted). Accordingly, the threshold issue in this case is whether King had a legitimate expectation of privacy in the contents of his personal laptop computer when it was connected to the base network from his dorm room. See Cooper, 203 F.3d at 1284.

We have held that tenants of a multi-unit apartment building do not have a reasonable expectation of privacy in the common areas of the building, where the lock on the front door is "undependable" and "inoperable." United States v. Miravalles, 280 F.3d 1328, 1333 (11th Cir. 2002). We have also held that even though a company has a subjective expectation of privacy in documents that are shredded and disposed of in a garbage bag that is placed within a private dumpster, the company's "subjective expectation of privacy is not one that society is prepared to accept as objectively reasonable" when the company fails to "take sufficient steps to restrict the public's access to its discarded garbage." United States v. Hall, 47 F.3d 1091, 1097 (11th Cir. 1995).

King has not shown a legitimate expectation of privacy in his computer files. His experience with computer security and the affirmative steps he took to install security settings demonstrate a subjective expectation of privacy in the files, so the question becomes "whether society is prepared to accept [King's] subjective

expectation of privacy as objectively reasonable." See id. at 1094.

It is undisputed that King's files were "shared" over the entire base network, and that everyone on the network had access to all of his files and could observe them in exactly the same manner as the computer specialist did. As the district court observed, rather than analyzing the military official's actions as a search of King's personal computer in his private dorm room, it is more accurate to say that the authorities conducted a search of the military network, and King's computer files were a part of that network. King's files were exposed to thousands of individuals with network access, and the military authorities encountered the files without employing any special means or intruding into any area which King could reasonably expect would remain private. The contents of his computer's hard drive were akin to items stored in the unsecured common areas of a multi-unit apartment building or put in a dumpster accessible to the public.

Because his expectation of privacy was unreasonable King suffered no violation of his Fourth Amendment rights when his computer files were searched through the computer's connection to the base network. It follows that his additional claim that the later search warrant was invalid because it incorporated information obtained from the search of his computer files also lacks merit.

### III.

Where an individual "violates" 18 U.S.C. § 2252A(a)(5), the maximum term of imprisonment is ten years, however, "if such person has a prior conviction under this chapter . . . such person shall be . . . imprisoned for not less than 10 years nor more than 20 years." 18 U.S.C. § 2252A(b)(2). The government contends in its cross-appeal that King's conviction for transporting child pornography constitutes a "prior conviction" for the purpose of imposing a mandatory minimum sentence of ten years imprisonment for the possession conviction under 18 U.S.C. § 2252A(b)(2), even though both convictions were entered at the same time.

In support of its contention, the government relies on Deal v. United States, 508 U.S. 129, 113 S. Ct. 1993 (1993). In that case the Supreme Court interpreted the term "conviction," in the context of the 18 U.S.C. § 924(c) enhancement for a "second or subsequent conviction" for use of a firearm in connection with a crime of violence. It said that the term referred "to the finding of guilt by a judge or jury that necessarily precedes the entry of a final judgement of conviction," and not "the adjudication of guilt and the sentence." Id. at 132, 113 S. Ct. at 1996.[2] Accordingly, where the defendant was found guilty in a single criminal proceeding

---

[2] The statutory provision in Deal provided, in relevant part, that "[i]n the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years." 18 U.S.C. § 942(c)(1) (1988).

9

of six counts for using a firearm in connection with a crime of violence, his convictions on the second through sixth counts constituted "second or subsequent convictions" for the purpose of enhancing the statutory term of imprisonment. See id. at 131–37, 113 S. Ct. at 1996–99. We have similarly held that "[t]he conviction on four counts of burglary constitutes four separate convictions" for purposes of 18 U.S.C. § 1202(a)(1), even though the burglary counts were charged in a single indictment. United States v. Greene, 810 F.2d 999, 1000 (11th Cir. 1986).

After the Supreme Court decided Deal, we considered a similar question in United States v. Richardson, 166 F.3d 1360 (11th Cir. 1999). In that case we addressed the meaning of the phrase "previous convictions" in 18 U.S.C. § 924(e)(1). Id. at 1361. Section 924(e)(1) provides for an enhanced sentence "[i]n the case of a person who violates [18 U.S.C.§ 922(g)] and has three previous convictions . . . for a violent felony or serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). The defendant in Richardson was convicted in 1997 for being a felon in possession of a firearm, in violation of § 922(g). Richardson, 166 F.3d at 1360–61. He received an enhanced sentence under § 924(e)(1), based in part on a 1996 drug conviction that occurred after his arrest but before his conviction on the § 922(g) violation. Id. at 1361. We reversed the enhance sentence, holding that "the only reasonable

interpretation" of the key language in § 924(e)(1) is that "a conviction is 'previous' to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not simply prior to conviction or sentencing for that violation." Id. (citation omitted). As a result, because the defendant's drug conviction occurred after he violated § 922(g), it could not have been used to enhance his sentence for the § 922(g) violation. Id.

Here, we recognize that King's convictions for transporting and possessing child pornography constitute separate convictions. See Deal, 508 U.S. at 132, 113 S. Ct. at 1996; see also Greene, 810 F.2d at 1000. Therefore, whether King's conviction for transporting child pornography may serve as a basis to impose a mandatory minimum sentence for the possession conviction hinges on whether the conviction for transporting child pornography qualifies as a "prior conviction" under § 2252A(b)(2).

We conclude that the district court correctly held that the government may not use King's conviction for transporting child pornography as a "prior conviction" to enhance his punishment for the possession conviction. The provision at issue provides that "[w]hoever violates" § 2252(a)(5) is subject to a mandatory minimum sentence "if such person has a prior conviction under this chapter." 18 U.S.C. § 2252A(b)(2). As in Richardson, we interpret § 2252A(b)(2)

11

to mean that the qualifying prior conviction must occur before the conduct violating § 2252A(a)(5), and not merely before the § 2252A(a)(5) conviction occurs. See Richardson, 166 F.3d at 1361. By way of contrast, the provision in Deal simply provided for an enhanced penalty "[i]n the case of a second or subsequent conviction," and it contained no language suggesting that the predicate conviction must occur before the violation for which the government seeks to impose an enhanced penalty. Deal, 508 U.S. at 130, 113 S. Ct. at 1195. We therefore conclude that King was not subject to the ten-year mandatory minimum sentence.

In reaching this conclusion, we acknowledge that the government's argument for the extension of Deal is not without force. If we were considering this case without the benefit of Richardson, we might reach a different result. But Richardson is closely analogous in light of the similarities in language between §§ 924(e)(1) and 2252A(b)(2). Cf. United States v. Steele, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (en banc) ("Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong."); United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by

the Supreme Court."); see also  Smith v. GTE Corp., 236 F.3d 1292, 1302 (11th Circ. 2001) (rejecting the argument that "an exception to the prior panel precedent rule exists where the first panel to address an issue failed to follow and apply controlling Supreme Court precedent").

**AFFIRMED.**

166 F.3d 1360                                                                                                                      Page 1
166 F.3d 1360, 12 Fla. L. Weekly Fed. C 532
**(Cite as: 166 F.3d 1360)**

U.S. v. Richardson
C.A.11 (Ala.),1999.

United States Court of Appeals,Eleventh Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony James RICHARDSON, Defendant-Appellant.
**No. 97-6418.**

Feb. 11, 1999.

Defendant pleaded guilty in the United States District Court for the Southern District of Alabama, No. 96-00224-001,Charles R. Butler, Jr., J., to being felon in possession of firearm and was sentenced under Armed Career Criminal Act. Defendant appealed. In a case of first impression in the Eleventh Circuit, the Court of Appeals, Dubina, Circuit Judge, held that: (1) a conviction is "previous" to a felon in possession of firearm offense, so as to support enhanced sentencing under Armed Career Criminal Act (ACCA), only if conviction occurred before the felon in possession violation, not simply prior to conviction or sentencing for that violation, and (2) district court's improper reliance on a 1996 conviction in sentencing defendant under ACCA for felon in possession offense that occurred in 1995 was plain error.

Vacated and remanded.
West Headnotes
**[1] Criminal Law 110 1042**

110 Criminal Law
    110XXIV Review
        110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
            110XXIV(E)1 In General
                110k1042 k. Sentence or Judgment. Most Cited Cases
Sentencing issue not raised in the district court is reviewed for "plain error," or error that is clear or obvious and affects substantial rights.

**[2] Sentencing and Punishment 350H 1302**

350H Sentencing and Punishment
    350HVI Habitual and Career Offenders
        350HVI(F) Order of Offenses and Convictions
            350Hk1302 k. Necessity That Predicate Conviction Precede Offense. Most Cited Cases
    (Formerly 110k1202.9)
A conviction is "previous" to a felon in possession of firearm offense, so as to support enhanced sentencing under Armed Career Criminal Act, only if conviction occurred before the felon in possession violation, not simply prior to conviction or sentencing for that violation. 18 U.S.C.A. §§ 922(g), 924(e).

**[3] Criminal Law 110 1042.5**

110 Criminal Law
    110XXIV Review
        110XXIV(E) Presentation and Reservation in Lower Court of Grounds of Review
            110XXIV(E)1 In General
                110k1042.5 k. Habitual and Second Offenders. Most Cited Cases
    (Formerly 110k1203.26(2))
District court's improper reliance on a 1996 conviction as a "prior conviction," when in 1997 it sentenced defendant under Armed Career Criminal Act (ACCA) for a felon in possession of firearm offense committed in 1995, was "plain error"; error affected defendant's substantial rights because sentencing range was 180-188 months under ACCA, much greater than unenhanced range of 70 to 87 months. 18 U.S.C.A. §§ 922(g), 924(e); U.S.S.G. Table, Ch. 5, Pt. A, 18 U.S.C.A.

*1360 Carol Elewski,Alexander Bunin, Christopher Knight, Mobile, AL, for Defendant-Appellant.
Gina S. Vann, Asst. U.S. Atty., Mobile, AL, for Plaintiff-Appellee.

Appeal from the United States District Court for the Southern District of Alabama.

Before DUBINA and BARKETT, Circuit Judges, and JONES [FN*], Senior Circuit Judge.

> [FN*] Honorable Nathaniel R. Jones, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

DUBINA, Circuit Judge:

Appellant, Anthony James Richardson ("Richardson"), appeals his sentence imposed by the district court under the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e) (1984), for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). For the reasons stated below, we vacate his sentence and remand for resentencing.

### I. BACKGROUND FACTS

Richardson possessed a firearm as a felon on December 31, 1995 ("the § 922(g) violation"). He pleaded guilty in January 1997 and was sentenced in April 1997. The presentence investigation report ("PSI") stated that Richardson qualified for an enhanced penalty under the ACCA as an armed career **\*1361** criminal because he had "three prior violent felony convictions committed on different occasions from one another (¶¶ 28, 29, & 33)." (PSI ¶ 20). The citation to ¶ 28 refers to one burglary conviction from Washington County, Alabama. The citation to ¶ 29 refers to Richardson's conviction on two counts of burglary from Clark County ("the Clarke County burglaries"), for which the PSI shows one arrest date and joint adjudication but no facts as to the underlying conduct. The citation to ¶ 33 refers to a drug conviction, for which Richardson was arrested on March 9, 1996, and convicted on October 21, 1996.

It is uncontroverted that the arrest and conviction for the drug offense in 1996 occurred after commission of the § 922(g) offense in 1995, but before judgment and sentencing for the § 922(g) offense in 1997. In response to a sentencing objection, the probation officer again relied on the drug offense and again counted the Clarke County burglaries as only one conviction: "Richardson has three prior ... convictions committed on different occasions from one another. These convictions are burglary, third degree, Washington County, Alabama; burglary, third degree, Clarke County, Alabama; and unlawful distribution of a controlled substance, Washington County, Alabama." (PSI Addendum at 1). The district court adopted the findings contained in the PSI.

Richardson argues on appeal that the district court erroneously relied on his drug conviction in sentencing him as an armed career criminal because it occurred after his violation of § 922(g). Richardson concedes that the appropriate standard of review on appeal is plain error because he failed to raise this argument in the district court. The government admits that the 1996 drug offense does not qualify as a "previous conviction" under the ACCA; however, the government argues that the district court did not specify the convictions on which it relied and that the record clearly shows three previous burglary convictions prior to December 31, 1995. Richardson replies that the district court properly did not assume that the Clarke County burglaries were separate offenses because the record contained insufficient evidence about the underlying conduct.

### II. ISSUE

Whether the district court committed plain error in relying on a 1996 drug conviction to enhance Richardson's sentence for a 1995 violation of 18 U.S.C. § 922(g).

### III. STANDARD OF REVIEW

[1] A sentencing issue not raised in the district court is reviewed for plain error, or error that is clear or obvious and affects substantial rights. *See United States v. Chisholm,* 73 F.3d 304, 307 (11th Cir.1996).

### IV. DISCUSSION

[2] The issue presented in this appeal is one of first impression in this circuit. All of the circuits to consider the issue have held, however, that "previous convictions" means convictions obtained prior to the violation of § 922(g). *United States v. Hobbs,*

136 F.3d 384, 387-388 n. 3 (4th Cir.1998), *cert. denied,* 524 U.S. 945, 118 S.Ct. 2358, 141 L.Ed.2d 727 (1998); *United States v. Jefferson,* 88 F.3d 240, 243 (3rd Cir.1996); *United States v. Talley,* 16 F.3d 972, 977 (8th Cir.1994); and *United States v. Garner,* 32 F.3d 1305, 1312 (8th Cir.1994). We agree with the reasoning of our sister circuits and hold that a conviction is "previous" to a § 922(g) offense only if the conviction occurred before the violation of § 922(g), not simply prior to conviction or sentencing for that violation. Indeed, we agree with the Eighth Circuit that this interpretation of "previous convictions" is "the only reasonable interpretation of the plain words of § 924(e)." *Talley,* 16 F.3d at 977.

[3] In the present case, the findings in the PSI, which the district court adopted, show reliance on the 1996 drug conviction as a predicate offense under the ACCA. The 1996 drug conviction was not previous to Richardson's violation of § 922(g) in 1995. It was only previous to his § 922(g) conviction and sentencing in 1997. Accordingly, since the drug conviction occurred after Richardson's violation of § 922(g), the district court erred in relying on that conviction to enhance his sentence. This error affected Richardson's substantial rights because his sentencing**\*1362** range was 180-188 months under the ACCA, much greater than the unenhanced range of 70 to 87 months. *See* U.S.S.G. Ch.5, Pt.A, sentencing table (offense level 21, criminal-history category V); (PSI ¶¶ 14-23, 34); *see also Chisholm,* 73 F.3d at 307 (to constitute "plain error," a newly raised error must affect substantial rights).

Because we conclude that the district court's reliance on the drug conviction was plain error, the only possible basis for application of the ACCA is a determination that the Clarke County burglaries were two separate criminal episodes. The record is insufficient for us to make this determination. This court has interpreted the ACCA to require that the three predicate convictions arise out of a "separate and distinct 'criminal episode.' " *United States v. Pope,* 132 F.3d 684, 689 (11th Cir.1998). *See United States v. Greene,* 810 F.2d 999, 1000 (11th Cir.1986). The PSI provides only that Richardson was arrested for the two burglaries on the same day, February 8, 1990, that they were adjudicated jointly, and that the state court assigned two case numbers. On remand, the district court is not precluded from soliciting facts about the Clarke County burglaries to determine whether they were separate convictions for the purpose of applying the ACCA.

For the foregoing reasons, we vacate Richardson's sentence and remand this case for further proceedings consistent with this opinion.

VACATED and REMANDED.

C.A.11 (Ala.),1999.
U.S. v. Richardson
166 F.3d 1360, 12 Fla. L. Weekly Fed. C 532

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.